LIGGETT DRUG COMPANY, *et al.,* v. J. M. LEE, as Comptroller.

171 So. 326.
Opinion Filed December 1, 1936.

360

Thomas B. Adams, Henry P. Adair, Victor Blue, Knight, Adair, Cooper & Osborne, for Appellants;·

Cary D. Landis,. Attorney General, H. E. Carter and W. P. Allen, Assisant Attorneys General, and J. Velma Keen, for Appellee.

Davis, J.—The final decree appealed from in this case is as follows:

"This cause was heard on May 13, 1936, upon the application of the plaintiffs, Liggett Drug Company, Incorporated, *et al.,* for a Temporary Injunction, and now comes on to be further heard upon said application for injunction and upon the motion of the defendant to dismiss the bill of complaint.

"The bill seeks the construction of Chapter 16848, Laws of Florida, 1935, commonly known as the Chain Store Act. The plaintiffs assert that certain gross receipts derived by them from retail sales made by them are exempt from all gross receipts tax imposed by said Chapter 16848. The gross receipts claimed to be exempt by the plaintiffs include receipts derived from the operation of departments, lunch or sandwich stands or counters where meals are served in connection with their retail businesses, and from the sale of bakery products, dairy products, ice, insecticides, fungicides, fertilizer and agricultural or horticultural products, as is particularly set forth in the bill of complaint.

"Sub-paragraph (f) of Section 2 of Chapter 16848 contains the following:

" 'However, "gross receipts," as herein used, shall in no case include the receipts derived from the sale of bakery products, dairy products, ice, insecticides, fungicides, fertilizer and agricultural or horticultural products, or implements when sold by the producer or manufacturer thereof, * * *'

"This Court has heretofore in several cases construed the exemption provision of said Chapter 16848, and counsel for the respective parties having agreed that there are no questions of fact to be decided in this case, and that the only questions involved are questions of law, this hearing, by

agreement of the parties, is to be construed to be the final hearing in this case, without the necessity of further pleadings or the taking of testimony.

"In the case of Pratt Food Company, a corporation, plaintiff, v. J. M. Lee, as Comptroller of the State of Florida, defendant, this Court construed the exemption provisions of said Chapter 16848 as follows:

" 'That gross receipts received from the sale at retail of any bakery products, dairy products, ice, insecticides, fungicides, fertilizer and agricultural or horticultural prdoucts are by Sub-section (f) of Section 2 of Chapter 16848, *supra,* exempted from the tax imposed by Subdivision B of Section 4 of the Act by whomsoever sold; that the gross receipts derived from the sale at retail of implements are, by subsection (f) of Section 2 of the Act, exempted from the tax levied by Subdivision B of Section 4 of the Act when sold by the producer or manufacturer thereof * * * provided, however, that the words, "agricultural or horticultural products" are confined to the yield of the soil, such as corn, wheat, hay, fresh fruits and vegetables, fresh flowers and flower seed, etc., in their primary or original or raw form or state; these terms embrace products in their natural unmanufactured condition, as cotton is a product of agriculture, yet cotton cloth or other fabrics made from cotton are not agricultural products; flour being the product of manufacture is not an agricultural product as the term is used in the Act; similarly, fruits and vegetables, grain and other agricultural products in their primary or original or raw form or state are agricultural products, but when these products have been processed and converted into dried fruits or vegetables or canned fruit or vegetables or mixed feeds for animals, * * * they lose their character as agricultural products and the gross receipts received from the sale thereof are not ex-

empt from the tax imposed by Subdivision B of Section 4 of the Act; provided, further that the term "dairy products" only includes such products as are ordinarily produced by a dairy, such as milk, cheese and cream, and that the term "dairy products" does not include canned evaporated or canned condensed milk.'

"The court adheres to such construction and so construes the said exemption provisions in this case.

"In the case of Ucita Investment Company, a corporation, *et al.*, plaintiff, v. J. M. Lee, individually and as Comptroller of the State of Florida, defendant, and in the case of The Cloverleaf, Inc., a corporation, *et al.*, plaintiffs, v. J. M. Lee, as Comptroller of the State of Florida, defendant, this Court held that said Chapter 16848 was not applicable to nor enforceable against hotels, dining rooms, restaurants, cafes, cafeterias or bars.

"And the Court being advised in the premises, it is, upon consideration thereof, ORDERED, ADJUDGED AND DECREED:

"(1) That the defendant herein, his servants, agents and employees, be and they are hereby enjoined and restrained from enforcing or undertaking to enforce the provisions of Subdivision B of Section 4 of Chapter 16848, Laws of Florida, 1935, as against the plaintiffs, severally, as to receipts derived by them, severally, from the sale of bakery products, dairy products, ice, insecticides, fungicides, fertilizer and agricultural products severally; PROVIDED, HOWEVER, that the words, 'agricultural or horticultural products,' are confined to the yield of the soil in their primary or original or raw form or state in their natural unmanufactured condition and do not include processed or dried fruits or vegetables or canned products or vegetables; and PROVIDED FURTHER that the words, 'dairy products,' are confined to such products as are ordinarily produced by a dairy, such as

milk, cheese, butter and cream, and do not include canned evaporated or canned condensed milk.

"(2) That the defendant herein, his servants, agents, and employees, be and they are hereby enjoined and restrained from enforcing or undertaking to enforce the provisions of Subdivision B of Section 4 of Chapter 16848, Laws of Florida, 1935, as against the plaintiffs, Liggett Drug Company, Incorporated, and Walgreen Drug Company, Incorporated, severally as to receipts derived by them, severally, from the sale of liquors and wines.

"(3) That receipts derived by the plaintiffs, severally, from the operation of departments, or lunch or sandwich stands or counters in their several retail stores where meals are served in connection with their retail businesses are not exempt from the gross receipts tax provisions of said Chapter 16848, notwithstanding the fact that the plaintiffs have been required to pay and have paid the license fees prescribed by Chapter 17062, Laws of Florida, 1935, for conducting said departments, lunch or sandwich stand or counters, and notwithstanding the fact that the court finds that hotels, restaurants, cafeterias, lunch or sandwich stands or counters when not operated in connection with a retail store are not subject to the provisions of Chapter 16848; notwithstanding any other claim or assertion made by plaintiffs in said bill of complaint.

"(4) That receipts derived by the plaintiff Liggett Drug Company, Incorporated, Walgreen Drug Company, Lane Drug Stores, Incorporated, and United Cigar Corporation from the sale of cigars, cigarettes, tobacco and snuff are not exempt from the gross receipts tax provisions of said Chapter 16848, notwithstanding that said plaintiffs have severally paid the special license taxes imposed upon dealers in cigars and tobacco by Section 16 of Chapter 6421, Laws of Florida,

1913, and notwithstanding any other claim or assertion made by the said plaintiffs in said bill of complaint.

"(5) That the relief sought by the bill of complaint be and the same is hereby denied, except as set forth in paragraphs (1) and (2) of this decree.

"(6) That the motion of the defendant to dismiss the bill of complaint be and the same is hereby denied.

"DONE AND ORDERED in chambers at Tallahassee, Florida, this 27th day of August, 1936.

"J. B. JOHNSON,<br>
"*Circuit Judge.*"

Chapter 16848, Acts 1935, imposes a special tax upon the privilege of operating a store or stores in Florida, the proceeds of the tax being appropriated as State aid to the common schools. One of the features of the tax imposed is an amount of tax equal to one-half of one per cent. of the *gross receipts from all sales* as defined in the Act.

The pleadings in this case show that the appellant, Liggett Drug Company, is a store operator and "retailer" within the purview of Chapter 16848, *supra*. The question presented is whether, as such "retailer" admittedly subject to the Act, said company must pay the one-half of one per cent. gross receipts tax upon sales of food and drink dispensed at appellant's lunch or sandwich stands or counters where meals are served in connection with the conduct of appellant's retail business, and also whether the gross receipts tax is applicable to sales of bakery products, dairy products, ice, insecticides, fungicides, fertilizer and agricultural or horticultural products described in the bill of complaint, none of which are shown to have been manufactured or produced by the appellant.

Under the Act a "sale" is a sale to a consumer, or to any

person for any purpose other than for resale in the form of tangible personal property. The gross receipts tax imposed by Subdivision B of Section 4 of the Act is expressly laid upon the gross receipts derived from *all* "sales" so defined.

By paragraph (f) of Section 2 of Chapter 16848, *supra,* it is provided that "gross receipts" means the total amount of the sales price of the retail sales of retailers, including any services that are a part of such sales, valued in money, whether received in money or otherwise. That paragraph likewise provides that the term "gross receipts" as used in the taxing provisions of Class 1 of Subdivision 4 of the Act, shall *not* include the receipts derived from the sale of bakery products, dairy products, ice, insecticides, fungicides, fertilizer and agricultural or horticultural products, or implements *when sold by the producer or manufacturer thereof."* (Emphasis supplied.)

It is the opinion of the Court that the statutory words, "when sold by the producer or manufacturer thereof," have reference to retail sales of bakery products, dairy products, ice, insecticides, fungicides, fertilizer, and agricultural or horticultural products or implements, only when sold by the actual producer or manufacturer of same at a retail store of the actual producer or manufacturer, duly licensed under the Act, and then only after the descriptive words, "agricultural or horticultural products," have been interpreted to mean such agricultural or horticultural yields (products) of the soil or garden as may still be, when sold, in their natural, unprepared, crude, raw, unprocessed or unwrought state, or still in the form in which same were agriculturally or horticulturally produced by the seller.

We are further of the opinion that the word, "manufacturer," as used in the above clause of the statute, is not synonymous with that of "producer," nor does it comprehend a

mere packer or processer of any of the commodities described in the statutory exception hereinbefore mentioned as being the basis for excluding the sales thereof from the computation of gross retail sales when calculated to ascertain the amount collectible as a tax measured by the total amount of "gross sales" of the affected retail business.

In the opinion of the Court *all* retail sales to consumers, and all other retail sales of tangible things personal made at appellant's place of business, as licensed under the Act, are subject to the "gross receipts" tax provisions of the Act. This means that the tax is computable on sales of articles of food or drink dispensed at appellant's lunch or sandwich counters, since such lunch or sandwich departments are operated as congeneric subdivisions of appellant's retail business, and the transactions taking place threat are beyond question "sales at retail" within the definition of the Act:

The provisions of Chapter 16848, Acts 1935, have no application except to mercantile establishments consisting of one or more stores. This is clear from the context of the Act as a whole and also from the requirement that each place of business shall have a separate permit and shall be taxed according to its number in the total of permits held by a single retailer.

The "gross receipts" feature of the tax found in Section 4 of this Act is not a "sales tax," although its practical incidence may be analogous to such a tax. On the contrary, such "gross receipts" tax is a privilege tax measured by the volume of business done in the next preceding month as reflected in the "gross sales" of that month, as defined in the Act.

The Act contains no exemptions *eo nomine,* but it is provided in the Act that in computing the amount of "gross

sales" to be used for the admeasurement of the tax imposed by Subdivision B (Class 1) of Section 4 of Chapter 16848, *supra,* that the total of the amount of the sales price of retail sales or dealers, as defined in the Act shall be used as the basis of computation, excluding therefrom only such amounts as may have been realized at the licensed place of business from the sale of electricity for light, heat or power, the sale of gasoline or other like petroleum products already taxed, the sale of natural or manufactured gas for light, heat, or power, already taxed, the sale of motor vehicles required by State law to be registered, and such sales of bakery products, dairy products, ice, insecticides, fungicides, fertilizers, and agricultural or horticultural products, or implements, when sold by the producer or manufacturer of such bakery products, or dairy products, ice, insecticides, fungicides, fertilizers, and agricultural or horticultural products, or implements.

Furthermore, the Act provides in legal effect, in Section 17 thereof, that it shall impose an additional and supplementary privilege tax on mercantile establishments for the benefit of the common school revenues, and therefore its provisions as to such additional tax are not to be affected, impaired nor diminished by the fact that other license, occupational or excise taxes have been charged or collected upon the whole or a part of the business or properties of the mercantile establishment required to be additionally licensed and taxed under said Chapter 16848, Acts of 1935, for the benefit of common schools, whose revenues were intended to be enlarged thereby.

Therefore, since the Act is all inclusive and contains no exceptions as such, it must be construed as designed to cover all "gross receipts" realized by the permittee in the prosecution of its retail sales business at its place of business

licensed under the Act, including "gross receipts" from sales of intoxicating liquors, meals, food and drink, when congenetically carried out in permittee's stores as a part of its gross business transacted at same.

The appeal in this case being from a final decree opens such final decree for reconsideration in its entirety by the appellate court. Jackson v. Jackson, 80 Fla. 557, 86 Sou. Rep. 510; Smith v. Croom, 7 Fla. 180; Parken v. Saffold, 48 Fla. 290, 37 Sou. 567. From what has been said it is obvious that the final decree appealed from in this case is in part at variance with the holding of this opinion, therefore said decree should be affirmed in part and reversed in part and the cause remanded to the Circuit Court with directions to enter an appropriate final decree not inconsistent with the holding of this opinion.

Affirmed in part and reversed in part and remanded with directions.

WHITFIELD, C. J., and TERRELL, BROWN and BUFORD, J. J., concur.