DeLUXE PACKAGE HOUSE, INC., v. J. M. LEE, as State Comptroller.

180 So. 345.
Opinion Filed April 8, 1938.

*Edgar M. Felson* and *S. P. Robineau,* for Appellant.

*Cary D. Landis,* Attorney General, and *H. E. Carter, W. P. Allen* and *Lawrence A. Truett,* Assistant Attorneys General, for Appellee.

TERRELL, J.—The facts presented and the questions raised in this case are similar to those raised and urged in the case of Henry Borrego and Tom Borrego v. Lee, as Comptroller, decided this date. There is this difference in the factual situation. In the last cited case, Appellants were licensed to operate a retail liquor vending business under Classification 4, Section 5, of Chapter 16774, Acts of 1935, by which authority liquors are sold for consumption on the premises.

Paragraph "f" of Section 10 of said Act requires that all such licensees prepare and offer for sale in connection with their liquor business meals and other articles custom-

arily sold in a restaurant. We held in the last cited case that this requirement being a mere incident to the main business and there being nothing in the Act to show that the store license was intended to be imposed for it, that under authority of Lee v. Cloverleaf, Inc., *et al.,* decided December 22, 1937, there was no authority to impose it.

In this case, Appellant is licensed under Classification 3 of Section 5, Chapter 16774, to operate a retail liquor business exclusively by means of sealed containers to be consumed off the premises and where foods or other articles are not sold. There is nothing in this state of facts that would change the rule as announced in Henry Borrego and Tom Borrego v. Lee, *supra,* so the judgment below is reversed on authority of that case.

Reversed.

ELLIS, C. J., and WHITFIELD, BROWN and CHAPMAN, J. J., concur.

BUFORD, J., concurs specially.

BUFORD, J. (concurring specially).—I concur in the views expressed by Mr. Justice TERRELL and the companion case. It must be borne in mind that a very large portion of the gross receipts on liquor sales is for federal and state taxes which taxes are thus passed on to the consumer and to this extent the dealer is in effect a tax collector. I doubt that one may be required to pay a tax on the amount of the tax thus passed on to the consumer.

BROWN, J., concurs.