HENRY BORREGO and TOM BORREGO v. J. M. LEE, as State Comptroller.

180 So. 343.
Opinion Filed April 8, 1938.

50

*Cyrus W. Fields* and *S. P. Robineau,* for Appellants;

*Cary D. Landis,* Attorney General, and *H. E. Carter, W. P. Allen* and *Lawrence A. Truett,* Assistant Attorneys General, for Appellee.

TERRELL, J.—Appellants procured a license under Classification 4, Section 5, Chapter 16774, Acts of 1935, to operate as a vendor spoken of in the Brief as a "Liquor Store" in Tampa, Florida, designated as "The Brass Rail." The licenses were required, in connection with their liquor business, to offer for sale food and other articles carried in a restaurant. The Appellee, as Comptroller, contending that in addition to the tax for operating a liquor business, they were also liable for the store tax imposed by Subdivision A, Section 4, and the gross receipts tax imposed by Class 1, Subdivision B, Section 4 of Chapter 16848, Acts of 1935, made demand on them for same. Appellants refused to comply with the latter request so the Comptroller brought this suit to restrain them from continuing in the business of a retail liquor dealer until said taxes were paid. A motion to dismiss the bill was overruled and upon hearing on bill and answer, temporary restraining order was granted from which this appeal was prosecuted.

The question presented is whether or not the operators of retail "Liquor Stores" as licensed under Classification 4, Section 5, of Chapter 16774, Acts of 1935, are required in addition thereto to pay the tax imposed by Subdivision A and the gross receipts tax imposed by Subdivision B, Section 4 of Chapter 16848, Acts of 1935.

It is admitted that the license tax imposed by Chapter 16774, Acts of 1935, has been paid, that Appellants are conducting a retail "liquor store" as contemplated by the said Act, and that as required by the said license, they are vending foods and other articles authorized to be sold in a restaurant and no more.

Chapter 16774 and Chapter 16848 were both enacted at the 1935 session of the Legislature, the former Act dealing exclusively with the regulation and licensing of the manufacture and sale of intoxicating beverages and the latter Act dealing exclusively with the matter of licensing stores and mercantile businesses to raise money for the benefit of the public free schools.

The Comptroller contends that the license tax imposed by both Acts should be paid because Section 17 of Chapter 16848, Acts of 1935, better known as the Chain Store Act, in effect provides that it shall not serve as a repeal of any other license tax occupation tax, excise tax, or other tax imposed by law as a prerequisite to engaging in business in this State. Liggett Drug Co., et al., v. Lee, Comptroller, 126 Fla. 359, 171 So. 326; Pratt Food Co. v. Lee, 126 Fla. 530, 171 So. 330; Dunlop Tire and Rubber Co., v. Lee, Comptroller, 126 Fla. 369, 171 So. 351; and Mason Lumber Co. v. Lee, Comptroller, 126 Fla. 371, 171 So. 332, are relied on to support this contention.

The factual situation involved in these cases brought the business taxed clearly within the term "store" as defined by Chapter 16848, Acts of 1935, and made them amenable to the store tax. The liquor business was not in existence at the time these businesses were originally taxed and when it did come into existence after repeal of the Eighteenth Amendment to the Federal Constitution, the Legislature enacted Chapter 16774, Acts of 1935, for the sole and exclusive purpose of regualting and taxing it. The matter of

requiring food to be sold at retail liquor stores such as were operated by Appellants was a mere incident to the main business.

It was common knowledge at the time Chapter 16774 was enacted that liquor stores were in a class to themselves and were in many respects different from the stores and mercantile businesses taxed by Chapter 16848, and for this reason, a much higher tax was imposed on them. The matter of policing was different and in fact every element pertaining to the administration of the two classes of stores, was different.

In Lee, as Comptroller, v. the Cloverleaf, Inc., et al., opinion filed December 22, 1937, we considered and adjudicated, a question very closely related to the one we have here and we there held that the tax imposed by Chapter 16848, Acts of 1935, was limited to a store or stores, of any mercantile establishment or establishments owned by the same person or corporation and selling at retail. Such being the scope of the Act, other terms defined therein, such as person, sale, retail, sale, etc., are limiting words relating only to the primary subject taxed.

We further held in the last cited case that restaurants, cafes, and cafeterias were not subject to the tax imposed by Chapter 16848, Acts of 1935, because Chapter 16042, Acts of 1933, defined and classified restaurants and imposed a tax on them according to the persons accommodated and that there was nothing in the title or body of Chapter 16848, Acts of 1935, to indicate that restaurants were included in the term store.

A study of the titles, the nomenclature, the terminology, the subject taxed, the definitions, the purpose and phrasing of the two Acts, and the philosophy supporting them show conclusively that the Legislature was treating two distinct

fields for the purpose of taxation, that they were both intended to be kept separate and distinct and we find nothing in either Act to show that the Legislature intended to impose the tax levied for operating a store as a charge for doing a liquor business in addition to the tax imposed by the liquor Act.

Many elements entered into the matter of taxing the liquor business that were not present in the matter of taxing stores, mercantile establishments, and restaurants. The Eighteenth Amendment to the Federal Constitution had been recently repealed because of lack of enforcement due to a dominant sentiment that had developed in opposition to it. Confronted with the return of the liquor business, a policy of rigid regulation was adopted and as a part of this policy, it was conceded that license taxes and other restrictions should be imposed in a manner and amount to discourage the return of the old time saloon to take the profit out of "bootlegging" and as far as possible, limit the manufacture, sale, and distribution of intoxicating liquors to responsible citizens who would conduct their business in compliance with the law.

Chapter 16774, Acts of 1935, was designed with these factors in mind and with them in view, to impose a tax as heavy as the traffic would bear. We find nothing in its terms to indicate that there was even a covert intent to impose the tax provided by Chapter 16848 as an additional tax on the liquor business. The requirement that food be dispensed from the store of Appellants was a mere incident to their main business and under the terms of the Act was contemplated in the license paid therefor. Lee v. Cloverleaf, Inc., *supra*. If the former Act imposes all the tax the traffic will bear, to impose the latter may defeat the very purpose of the Act.

54

It follows that the judgment of the Chancellor must be and is hereby reversed.

Reversed.

ELLIS, C. J., and WHITFIELD, BROWN, BUFORD and CHAPMAN, J., concur.