J. M. LEE, Comptroller, v. JACKSONVILLE GAS COMPANY, and ST. AUGUSTINE GAS COMPANY.

190 So. 800

En Banc

Opinion Filed June 16, 1939

Rehearing Denied July 28, 1939

*George Couper Gibbs, Attorney General,* and *Tyrus A. Norwood,* Assistant Attorney General, for Appellant;

*Julian Hartridge,* for Appellees.

CHAPMAN, J.—It is shown by the record in this case that the Jacksonville Gas Company manufactures gas for light, heat and power, for sale, and is distributed through its system of pipes and mains throughout the City of Jacksonville to its customers; its principal place of business is at 29 East Adams Street where it occupies under a lease an entire building of two stories for a general office, and the books of account and records are kept therein, and each floor of the building is approximately 100 feet in width and depth. On the ground floor of its general office building samples and models of gas appliances suitable to be used in connection with the consumption of the manufactured gas on the part of its customers are, viz.: gas stoves, gas burners, gas heating appliances and refrigerators and other enumerated items. Customers of the gas company are shown these appliances and sales solicited by a number of employees of the gas company. When orders therefor are obtained they are turned in to the company at its general office and the orders are supplied, not from the equipment on the floor at the general office, but from equipment in stock at its manufacturing plant not at the general office at 29 East Adams Street. The Jacksonville Gas Company does not make a profit on the sale of these appliance, but its profit comes from the gas manufactured and sold by it and consumed by its customers and the sale of the appliances is incidental to its business, viz, the manufacture and sale of its gas to its customers.

The St. Augustine Gas Company, a joint plaintiff in the court below, alleges substantially the same as above set forth in behalf of the Jacksonville Gas Company.

The lower court granted a restraining order against the collection from the Jacksonville Gas Company and the St. Augustine Gas Company, or either of them, the taxes specified in Chapter 16848, Laws of Florida, Acts of 1935, for

the sale of the appliances and equipment designated for the use of the customer consuming the gas manufactured by the plaintiffs. An appeal has been perfected therefrom to this Court and the order assigned as error. It is contended that the plaintiff sells the appliances not for a profit but as an incident to the sale of the gas manufactured by it and from this source, only, derives a profit. It cannot be overlooked that when its appliances are sold to its customers or to new customers it is contemplated that the volume of gas as manufactured and sold by it will, from time to time, increase and with that increase will come additional profits. The ground floor of the office building contains models of appliances and employees of the gas company contact prospective customers who possibly buy the same but the gas company appreciates the fact that its profits are more satisfactory from the sale of the manufactured gas than from the profits from the appliances.

Subsection (b) of Section 2 of Chapter 16848, *supra,* defines a sale, viz.:

"(b) 'Sale' means any transfer, exchange or barter, conditional or otherwise, in any manner or by any means whatsoever, of tangible personal property, for a consideration, and includes the furnishing, preparing or serving for a consideration of any tangible personal property consumed on the premises of the person furnishing, preparing or serving such tangible personal property. A transaction whereby the possession of property is transferred by the seller retains the title as security for the payment of the price shall be deemed a sale. For the purpose of this Act the total amount of the sales price above mentioned shall be deemed to be the amount received and no deduction shall be made therefrom by the taxpayer on account of any alleged tax contained in the sale price."

Subsection (g) of Section 2 of Chapter 16848, *supra*, defined a store, viz.:

"(g)   The term 'store' as used in this Act shall be construed to mean and include any store or stores of any mercantile establishment or establishments whether the same be stationary or movable by means of wheels or otherwise which are owned, operated, maintained or controlled by the same person, firm, corporation, copartnership, or association, either domestic or foreign in which goods, wares or merchandise of any kind are sold or offered to be sold at retail. Provided, however, the term 'store' and 'mercantile establishment' shall not include bulk plants or filling stations engaged exclusively in the sale of gasoline and other petroleum products."

The tax levied against "Gross Receipts" is defined in Subsection (f) of Section 2 of Chapter 16848.

One of the cardinal rules for statutory construction is that the legislative intent will be gleaned from the language of the statute, the subject regulated, the purpose to be accomplished and the means applied for accomplishing the purpose.   See State v. Rose, 93 Fla. 1018, 114 So. 373; Sparkman v. State, 71 Fla. 210, 71 So. 34; State v. Burr, 79 Fla. 290, 84 So. 61; State v. Knight, 98 Fla. 891, 124 So. 461; State v. Beardsley, 84 Fla. 109, 94 So. 660; Snowden v. Brown, 60 Fla. 212, 53 So. 548; Realty Bond, etc., Co. v. Englar, 104 Fla. 329, 143·So. 152; Douglas v. McRainey, 102 Fla. 1141, 137 So. 157; Cragin v. Ocean, etc., Realty Co., 101 Fla. 1337, 135 So. 795.

If it was in the mind of the Legislature to except the gross receipts arising from the sale of appliances of gas companies from the Act, *supra*, it does seem reasonable to assume that it would have so stated when the following were specifically enumerated as not being subject to the Act, in

Subsection (f), Section 2, thereof, viz.: "(f) . . . However, 'gross receipts,' as herein used, shall in no case include the receipts derived from the sale of bakery products, dairy products, ice, insecticides, fungicides, fertilizer and agricultural or horticultural products, or implements when sold by the producer or manufacturer thereof, nor the exclusive sale of gasoline, or other like petroleum products, nor the sale of electricity for light, heat or power, nor natural or manufactured gas for light, heat or power, so long as a special excise tax shall be imposed upon such products by the State of Florida nor to the gross receipts of express companies or sleeping car companies so long as special gross receipts from the sale of Motor Vehicles, required by State Law to be registered so long as a State license is required for such registration."

We have examined the following authorities cited by counsel for appellees, viz.: Borrego v. Lee, 132 Fla. 49, 180 So. 343; DeLuxe Package House v. Lee, 132 Fla. 54, 180 So. 345; Weiss v. Lee, 132 Fla. 56, 180 So. 345; Lee v. The Cloverleaf, Inc., 130 Fla. 435, 177 So. 722; Lee v. Holsum-Miami Corporation, 130 Fla. 440, 177 So. 724; Liggett Drug Store v. Lee, 126 Fla. 359, 171 So. 326; Toxaway Hotel Co. v. Smathers & Co., 216 U. S. 439, 30 Sup. Ct. Rep. 263, 54 L. Ed. 558. We do not think these authorities throw much light on the question now before the Court.

The Legislature having failed to indicate that any exception should exist from the gross sales of appliances sold by the appellees incident to its business in the manufacture and sale of gas when enacting Chapter 16484, *supra,* it is reasonable to infer that the sale of these appliances without a profit is a promotional plan or scheme and the loss can or may easily be recovered from the sale of gas when it is supplied through the appliances to their customers.

It is impossible to read into this Act the contentions of counsel for appellees without violating the previous decisions of this Court. See Detroit Edison Co. v. Case, 281 Mich. 428, 275 N. W. 196.

The order appealed from is hereby reversed for further proceedings in the lower court not inconsistent with this opinion.

It is so ordered.

TERRELL, C. J., and WHITFIELD and BUFORD, J. J., concur.

BROWN and THOMAS, J. J., dissent.