J. M. LEE, individually and as State Comptroller, v. THE NUNNALLY COMPANY, a Delaware Corporation.

193 So. 51
Division A
Opinion Filed January 12, 1940

*George Couper Gibbs,* Attorney General, and *Tyrus A. Norwood,* Assistant Attorney General, for Appellant;

*Feibelman & Jepeway* and *Whitfield & Whitfield,* for Appellees.

BUFORD, J.—The appeal brings for review final decree as follows:

"ORDERED, ADJUDGED AND DECREED that the defendant, J. M. Lee, individually and as Comptroller of the State of Florida, either by himself or through his servants, agents and employees, is hereby permanently restrained and enjoined from undertaking to enforce the provisions of Chapter 16,848, Acts of 1935, as against the businesses of the plaintiff in the operation of its said restaurants, cafes, cafeterias, lunch or sandwich stands or counters. THIS ORDER is to extend and cover the sale of candies, cigars and cigarettes, and the sale and dispensation of beer, wine and alcoholic beverages for consumption on the premises, by the said restaurants, cafes, cafeterias, lunch or sandwich stands or counters, which are sold as an accommodation to the guests of the businesses mentioned aforesaid, and it is further

"ORDERED, ADJUDGED AND DECREED that THE NUNNALLY COMPANY, a Delaware Corporation, and the surety on its injunction bond heretofore filed in this cause, be, and they are, hereby discharged of all liability and the said bond is hereby terminated, and it is further ordered, adjudged and decreed that the defendant herein be, and he is, hereby taxed with the costs of these proceedings."

The decree was entered on bill and answer.

The bill of complaint shows that plaintiff operated a place of business in Miami Beach and another place of business in Miami and that a restaurant is conducted in each place, but it also shows that a candy store is operated in each place.

The amendment to the bill of complaint is, *inter alia*, as follows:

"That the plaintiff submits, and as a part hereof, a diagram, marking it Exhibit 'B,' which shows the percentage of the plaintiff's restaurant, lunch and sandwich

stand or counter customers, totaling 90% ; sales, totaling 66% ; merchandise purchased, totaling 63% ; wages, totaling 78% ; rent, totaling 80% ; and licenses, totaling 80%, for that period extending from February, 1936, through May, 1938, of the plaintiff's Miami, Florida, restaurant; that the plaintiff submits herewith, and as a part hereof, a diagram, marking it Exhibit 'C,' which shows the percentage of the plaintiff's restaurant, lunch and sandwich stand or counter customers, totaling 95% ; sales, totaling 76% ; merchandise purchased, totaling 73% ; wages, totaling 84% ; rent, totaling 77%, and licenses, totaling 98%, for that period, extending from February, 1936, through May, 1938, of the plaintiff's Miami Beach, Florida, restaurant; that the plaintiff submits herewith, and as a part hereof, a diagram, marking it. Exhibit 'D,' which shows the total average percentage of the plaintiff's restaurant, lunch and sandwich stand or counter customers, totaling 90% ; sales, totaling 71% ; merchandise purchased, totaling 68% ; Wages, totaling 81% ; rent, totaling 78% ; and licenses, totaling 96% for that period extending from February, 1936, through May, 1938, of the plaintiff's two restaurants in the cities of Miami and Miami Beach, Florida;

"VI-b

"That the plaintiff submits herewith, and as a part hereof, a blue-print drawing, marking it Exhibit 'E' of its Miami, Florida, place of business, showing the use and occupancy of a total area of 4,069 square feet, and that, of this area, the plaintiff devotes, uses and requires 3,385 square feet in the conduct and operation of its restaurant, lunch and sandwich stand or counter business; that the plaintiff submits herewith, and as a part hereof, a blue-print drawing, marking it Exhibit 'F' of its Miami Beach, Florida, place of business, showing the use and occupancy of a total area

of 7,942.75 square feet, and that, of this area, the plaintiff devotes, uses and requires 7,241.25 square feet in the conduct and operation of its restaurant, lunch and sandwich stand or counter business."

A diagram attached to the bill of complaint shows that the place of business in Miami, on Flagler Street, is entered by a door between display windows and that a space 12 feet by 57 feet from the main entrance to the entrance where the tables are arranged for the restaurant is devoted to candy sales. It will be seen that the area of this space is 648 square feet. The space devoted to the restaurant and other refreshment business is 3,385 square feet. The diagram shows somewhat of the same arrangement of the Miami Beach store with the space of 701½ square feet devoted to the candy store and the remainder thereof is used as alleged in the amendment to the bill of complaint.

It is also shown by the answer that the place of business located on Flagler Street in Miami has a sign on the front window reading "Nunnally's Candy of the South," and in addition thereto, it has other signs showing that it is a restaurant tea room, and offers for sale soda and candies. It is also shown by the answer that the place of business in Miami Beach has signs in the show windows reading "Nunnally's—Candies of the South," "Cocktail Lounge," "Candies by Parcel Post."

The bill of complaint, with the amendment thereto, shows that the plaintiff is able to determine the amount of sales from the candy department and to prorate the expenses of operation of the business between the candy department and the food department.

Our conclusion is that the pleadings establish the fact that plaintiff operates the two places of business in each of which it conducts a candy store. It is not clear whether

or not the cigars and cigarettes are handled in the department designated as a space devoted to candy or handled and sold as incident to the operation of the restaurant and liquor sales, it appearing that liquors are sold in both places.

It is well settled in this jurisdiction that the gross sales tax does not apply to restaurants, nor to the sale at retail of liquors. But, we can see no reason why the operation of a candy store should not be required to bear its burden of the gross sales tax just the same as if it were operated somewhere else.

In Lee v. The Cloverleaf, Inc., 130 Fla. 435, 177 Sou. 722, we held:

"Restaurants, cafes, cafeterias, lunch or sandwich stands or counters, including or covering the sale of cigars and cigarettes are not subject to the privilege tax imposed by the 'Chain Store Tax Act' as 'stores,' particularly in so far as restaurants, cafeterias and cafes are concerned, in view of privilege tax imposed on them by prior statute (Acts 1933, Chap. 16042; Acts 1935, Chap. 16848)."

And in Lee v. Holsum-Miami Corporation, 130 Fla. 440, 177 Sou. 724, we held:

"Hotels with bars operated as an incident thereto from which a large part of the patronage of the hotel is secured by reason of the drinks dispensed with meals are not subject to a privilege tax under the Chain Store Tax Act as 'stores,' particularly in view of other legislation providing for regulation and taxation of both hotels and liquor distribution (Acts 1935, Chaps. 16774, 17062; Comp. Gen. Laws Supp., Sec. 3353, et seq.)"

Our holding here is not in conflict with what was held in either of those cases.

In Lee v. Hector Supply Co. and The Hector Lumber

& Supply Co., Inc., 133 Fla. 849, 183 Sou. 489, we had under consideration a case in which it was necessary for the court to determine the commodities sold by Hector Supply Company which were subject to the gross sales tax and which of such supplies were sold under such conditions that they were not subject to that tax. The headnotes reflect the holdings found in the opinion and are as follows:

"The plaintiffs were not liable for privilege tax imposed by Chain Store Act on gross receipts derived from sales of shipping materials to purchasers who used the materials in marketing of agricultural and horticultural products and included cost of materials in sale price of those products, the purchases being made for the purpose of 'resale' exempt from the tax under provision of the Act (Acts 1935, c. 16848).

"2. A tax imposed on plaintiffs under Chain Store Act for privilege of selling products ordered by the plaintiff from non-resident manufacturers, jobbers or dealers to be delivered from a point outside the State directly to the plaintiff's account was invalid because constituting a burden on 'interstate commerce' transactions (Acts 1935, c. 16848).

"3. The privilege tax imposed under the Chain Store could be enforced against plaintiffs for privilege of selling products purchased by the plaintiffs from manufacturers, dealers and jobbers within the State for delivery directly to the plaintiff's purchasers for the plaintiffs' account (Acts 1935, c. 16848)."

We had, prior to the promulgation of that opinion, promulgated the original opinion in the case of Lee v. Hector Supply Co., 133 Fla. 95, 182 So. 613, and in that opinion had disposed of some of the contentions presented.

By the opinions in the Hector Supply Co. case, it is

established that although taxable sales and non-taxable sales are made from one and the same place of business, the transactions may be so segregated that the tax may be collected on the taxable gross sales and not imposed on the non-taxable gross sales.

Based upon these opinions and judgments, we hold that the plaintiff operated candy stores in connection with the restaurant and other business and that plaintiff is liable for the gross sales tax on sales from the candy stores.

We hold that plaintiff is not liable for the gross sales tax on other sales referred to in the pleadings than sales from the candy stores, but that it cannot escape the tax on its sales from its candy stores because the same happen to be connected with the restaurant and other business upon which the tax is not collectible. Neither can it be held liable for the tax on gross receipts from its restaurants and other businesses because they happen to be connected with the candy stores.

So it is, the decree should be reversed in so far as it enjoins the collection of the tax on sales from the candy stores and should otherwise be affirmed.

So ordered.

Reversed in part and affirmed in part.

WHITFIELD, P. J., and BROWN, BUFORD, CHAPMAN and THOMAS, J. J., concur.

TERRELL, C. J., dissents.