CITY DRUG COMPANY, et al., v. J. M. LEE, as Comptroller of the State of Florida.

1 So. (2nd) 726
En Banc
Opinion Filed April 25, 1941

H. O. *Pemberton,* for Appellants;

J. *Tom Watson,* Attorney General, *Lawrence A. Truett,* Assistant Attorney General, and *Keen & Allen,* for Appellee.

BUFORD, J.—Appeal brings for review final decree dismissing amended bill of complaint.

The purpose of the suit was to enjoin the Comptroller of Florida from requiring complainants to report and pay gross sales tax as provided by Chapter 16848, Acts of 1935, on the receipts accruing from restaurants and lunch counters operated in the same rooms or buildings in which they each respectively also operate a drug store.

The allegations of the bill of complaint are insufficient to show whether the so-called lunch counters or restaurants are each so operated as to be congeneric subdivisions of the retail mercantile business conducted in the involved store and, therefore, a mere incident to the retail drug business and, therefore, falls within the purview of our opinion and judgment in the cases of Liggett Drug Co. v. Lee, 126 Fla. 359, 171 Sou. 326, wherein we held the receipts from a lunch counter or restaurant as there shown to have been operated to be subject to the tax and also within the purview of our opinion and judgment in the case of Lee v. Clover-

leaf, 130 Fla. 425, 177 So. 722, in which we held that the sale of cigars and cigarettes as shown to have been conducted in that case was held to be a mere incident to the restaurant business and not to be subject to the tax. Nor are the allegations sufficient to show that the drug business and the restaurant or lunch counter operated by each of the complainants was conducted as separate and distinct business, although conducted in the same building as was shown to be the method of operation of the restaurant and candy store involved in the case of Lee v. Nunnally, 141 Fla. 360, 193 Sou. 51.

It is not only necessary to show that the receipts from each business are kept separate but the rationale of our opinions, *supra*, is that unless each of the two or more classes of business is of such relative magnitude and importance as to warrant the conduct and operation of each to be separate and distinct from the other and is in fact so operated they will be considered as one business to be classified according to the class in which the primary or dominant business falls in so far as the provisions of Chapter 16848 control.

So it is, there was no error in the challenged decree and the decree should be affirmed, but with permission from appellants to apply to the circuit court for leave to amend the bill of complaint if they or any of them be so advised.

So ordered.

BROWN, C. J., WHITFIELD, TERRELL, CHAPMAN, THOMAS and ADAMS, J. J., concur.