**CITY DRUG COMPANY, et al., v. J. M. LEE, as Comptroller of the State of Florida.**

9 So. (2nd) 169                                      Division A
July 7, 1942

H. O Pemberton, for appellants.

J. Tom Watson, Attorney General, Lawrence A. Truett, Assistant Attorney General, Tiffany Turnbull, Special Assistant Attorney General, and Keen and Allen, for appellee.

PER CURIAM:

This is the second appearance of this case here. See City Drug Co., et al., v. Lee, 146 Fla. 754, 1 Sou. (2nd) 726.

It will be noted that in our opinion, supra, we said:

"The allegations of the bill of complaint are' insufficient to show whether the so-called lunch counters or restaurants are each so operated as to be congeneric subdivisions of the retail mercantile business conducted in the involved stores, and, therefore, a mere incident to the retail drug business and therefore falls within the purview of our opinion and judgment in the case of Ligett Drug Co. v. Lee, 126 Fla. 359, 171 Sou. 326, wherein we held the receipts from a lunch counter or restaurant as there shown to have been operated to be subject to the tax and also within the purview of our opinion and judgment in the case of Lee v. Cloverleaf, 130 Fla. 425, 177 So. 722, in which we held that the sale of cigars and cigarettes as shown to have been conducted in that case was held to be a mere incident to the restaurant business and not to be subject to the tax.

"Nor are the allegations sufficient to show that the drug business and the restaurant or lunch counter operated by each of the complainants was conducted as separate and distinct business, although conducted in the same building as was shown to be the method of operation of the restaurant and candy store involved in the case of Lee .v. Nunnally, 141 Fla. 360, 193 Sou. 51."

"It is not only necessary to show that the receipts from each business are kept separate but the rationale of our opinions, supra, is that unless each of the two or more classes of business is of such relative mag-

nitude and importance as to warrant the conduct and operation of each to be separate and distinct from the other and is in fact so operated they will be considered as one business to be classified according to the class in which the primary or dominant business falls in so far as the provisions of Chapter 16848 control."

After our mandate went down appellants filed their amended bill of complaint. In paragraph 2 of the amended bill of complaint it is alleged:

"2. In each place of business operated by the plaintiffs the restaurant and the store were conducted and operated separate and distinct from the other. The inherent and basic principles of operation and the functions of a restaurant or lunch counter are entirely different from those of a retail store and these different basic principles and functions of each class of business were present in the operation of the restaurants and stores to the same extent they would have been had the restaurants and stores been operated at entirely separate locations."

These allegations fall far short of meeting the requirements suggested in our opinion, supra. The allegations "In each place of business operated by the plaintiffs the restaurant and the store were conducted and operated separate and distinct from the other," is an allegation of the conclusion of the pleader and is not the allegation of facts sufficient to show that the necessary conclusion was as stated.

While no conclusive presumption may be indulged to the effect that in all cases where a drug store, or any other sort of a store, and a restaurant are conducted by one and the same owner in one and the same store room, the restaurant will be held to be only an incident to the mercantile or store business

and is, therefore. an integral part of the store business, the presumption that the Comptroller in the exercise of his statutory duty has lawfully classified the business so conducted must be overcome by allegations of facts and proof of conditions leading with certainty to a contrary conclusion.

While the reason given by the Circuit Judge for entering the order dismissing the bill of complaint may not be entirely in harmony with the views here expressed, it appears that the motion to dismiss (considered as operating in place of demurrer under our former practice) should have been granted and therefore the order granting same was not reversible error and should be affirmed without prejudice to the circuit court to consider motion to amend if same be presented in due course.

So ordered.

BROWN, C. J., WHITFIELD, BUFORD, and ADAMS, JJ., concur.