**WALGREEN DRUG STORES COMPANY, a Florida Corporation, v. J. M. LEE, individually and as Comptroller of the State of Florida.**

28 So. (2nd) 535            June Term, 1946
September 27, 1946            Division A

*J. Lewis Hall* and *W. K. Whitfield,* for appellant.

*J. Tom Watson,* Attorney General, and *T. Paine Kelly,* for appellee.

TERRELL, J.:

Appellant filed its bill of complaint in the Circuit Court alleging that from February, 1936, to May, 1941, it owned and operated a chain of stores in the State of Florida consisting of a general mercantile department and a restaurant department; that each of said departments was operated on its books as a separate and distinct business; that the volume of business, number of customers, and other factors warranted such method of operation; that, despite the fact that the law of Florida relieved the restaurant department of the gross receipts tax, the Comptroller required payment of said tax for the period stated. The bill prayed for an accounting and a refund of the gross receipts taxes so illegally exacted. A motion to dismiss was granted, and this appeal was prosecuted.

The test to determine whether appellant is entitled to the refund sought is whether or not the bill of complaint shows

that the mercantile department and the restaurant department were operated separately and distinctly and were of such magnitude and importance as to justify operation in this manner. City Drug Co. et al., v. Lee, 146 Fla. 754, 1 So. (2nd) 726; Lee v. Nunally, 141 Fla. 360, 193 So. 51. We are convinced that the allegations of the bill are such as to require an affirmative answer to this question.

The real question here is whether or not a suit to recover the gross receipts taxes alleged to have been paid illegally or by mistake is barred by the Statute of Limitations, Section 95.11 (5E), Florida Statutes 1941.

The suit was instituted under Section 204.13, Florida Statutes 1941, the pertinent part of which is as follows:

" . . . The Comptroller is hereby authorized and empowered to adjust and make proper settlement in case of overpayment made in payment of taxes under this chapter or chapter 16848, Laws of Florida, acts of 1935, and there is hereby appropriated a sufficient amount from the funds collected under this chapter for the comptroller to refund any such overpayment when and if on proper application and proof he deems it necessary to make such refund."

Section 215.26, Florida Statutes 1941, effective June 10, 1943, is also pertinent to the issue raised and is as follows:

Section 1. The Comptroller of the State of Florida may refund to the person who paid same, or his heirs, personal representatives or assigns, any moneys paid into the State Treasury which constitutes: (a) an overpayment of any tax, license or account due; (b) a payment where no tax, license or account is due; and (c) any payment made into the State Treasury in error . . . Application for refunds as provided by this section shall be filed with the Comptroller within one year after the right of such refund shall have accrued else such right shall be barred and such application shall be on a form to be prescribed by the Comptroller and shall be shown to and supplemented with such additional proof as is necessary to establish such claim, provided that if the right to refund shall have accrued prior to the time this Act becomes effective, then such claimant shall have the period of one year from the effective date of this Act to file such claim provided

such claim is not otherwise barred under the Laws of this State."

Before the passage of this act, application was made to the Comptroller for the refund in question, and it was refused. The motion to dismiss the bill of complaint was based on the theory that another demand for payment should be made on the Comptroller and that the suit was barred by the Statute of Limitations, Section 95.11(5E), Florida Statutes 1941.

We do not think a renewal of the application for refund was necessary, provided it met the requirements of Section 215.26, as quoted; neither do we think Section 95.11, Florida Statutes 1941, is applicable to a claim of this kind. A reading of the quoted acts in full declares a policy to make complete restitution to any citizen who (1) overpays any tax, license, or account, (2) pays when no tax or license is due, and (3) pays any tax or account into the State Treasury in error. The only limitation expressed in the act is that if the "right to refund shall have accrued prior to the time this act becomes effective, then such claimant shall have the period of one year from the effective date of this act to file such claim." This suit was brought well within that period, and the refund could properly be claimed under at least two of the above heads.

The net result of appellee's contention is that claims "otherwise barred under the Laws of this State" bars the claim in question under Section 95.11, Florida Statutes 1941, but, in our view, the whole tenor of the quoted acts repels this contention. Our conclusion on this point is also supported by the well settled rule of tax statute construction that, if the text does not reveal with certainty the intent of the Legislature and it is susceptible of two meanings, that meaning most favorable to the taxpayer should be adopted. This is all the more true if one meaning results in imposing the tax and the other relieves it.

We think the allegations of the bill bring appellant clearly within the contemplation of the acts quoted, that they are complete and controlling within themselves, and that, being so, the decree appealed from must be and is hereby reversed.

Reversed.

CHAPMAN, C. J., BUFORD and ADAMS, JJ., concur.