Wayne ANDERSON, et al., Appellants,

v.

The CITY OF JOPLIN, Missouri, et al., Respondents.

No. 63730.

Supreme Court of Missouri, Division No. 1.

Feb. 23, 1983.

Motion for Rehearing or Transfer to Court En Banc Denied March 29, 1983.

Charles Buchanan and William H. Burden, Joplin, for appellants.

J. Kent Lowry, Jefferson City, George C. Baldridge and Leo Schrader, Joplin, for respondents.

Fredrich J. Cruse, City Counselor, City of Hannibal, Hannibal, for amicus curiae.

GUNN, Presiding Judge.

This appeal concerns a three percent gross rental receipts tax imposed on hotel-motel operators by the City of Joplin. The appellant hotel-motel operators (operators) were unsuccessful in their circuit court action seeking to have the taxing ordinance declared invalid and unenforceable [1] and have appealed the trial court's action. A construction of revenue laws is involved, placing jurisdiction of the appeal with this Court. Mo. Const. art. V, § 3.

The decision in this case turns on the question of whether the tax sought to be imposed is, in fact, an unsanctioned sales tax as opposed to its designation as a license tax.

We find that the tax in this instance is an invalid sales tax and reverse the judgment.

On September 15, 1980, the City Council of the City of Joplin passed Ordinance No. 80–147, designed to encourage tourism and other economic growth. The pertinent language of the Ordinance reads:

> Every person engaged in the business of renting, leasing, or letting living quarters, sleeping accommodations, rooms or a part thereof, in connection with any hotel, motel, or tourist court, as hereinafter defined, shall pay to the City of Joplin a tax equal to three percent (3%) of the

1. The trial court determined the ordinance to be valid and enforceable but noted that improper application by city officials could render it void.

gross rental receipts derived from or paid by transient guests for sleeping accommodations, as hereinafter defined. This tax shall be in addition to the license fee or tax described in Section 19–31 of this Code.

The appellant-operators allege that the tax imposed, despite its appellation as a license tax, is in reality a sales tax which the city council has not submitted to the voters for their sanction as required by § 94.510, RSMo 1978. Their reasoning is that the receipts from room rents, not including state and local tax, constitute the base on which the tax is calculated.

■ We agree and declare Ordinance No. 80–147 to be an invalid sales tax. The meaning of the phrase "gross rental receipts derived from or paid by transient guests for sleeping accommodations" determines that the challenged ordinance imposes an invalid sales tax.

■ This Court in *Suzy's Bar & Grill, Inc. v. Kansas City,* 580 S.W.2d 259 (Mo. banc 1979), declared the distinction between a sales tax and a license tax based on gross receipts. In either instance, the base may be referred to as "gross receipts," but the distinction lies in the difference between the kinds of *receipts* upon which the tax is assessed. A gross receipts-license tax starts with the revenue received by the licensee as a base, not the basic charge made to the customer by the merchant, and assesses a tax equal to a percentage of those revenues without regard to the makeup of the revenue and without restrictions to the percentage stated in the taxing ordinance. *Id.* at 262. On the other hand, a sales tax is assessed against the taxpayer as a percentage of the price of the goods.

It is evident from the language of the ordinance—"gross receipts derived from or paid by transient guests for sleeping accommodations"—that the receipts upon which the tax is assessed are the basic charge made to the customer by the merchant. That is, the tax is assessed as a percentage of the price of the room. This conclusion is buttressed by the "Gross Rental License Tax Chart" that the City's Director of Finance mailed to all owners of hotels, motels and tourist courts before the effective date of the Ordinance. This chart listed room rents from $1.35 to $100.00 and calculated a percent room tax for each room rent. It is precisely this method of calculation that caused the failure of the tax in *Suzy's Bar & Grill.* Clearly, the tax in this case was based on the charge made to the customer by the merchant.

The City argues that an ordinance identical to the one under consideration here favorably passed judicial scrutiny in *508 Chestnut, Inc. v. City of St. Louis,* 389 S.W.2d 823 (Mo.1965), and, thus, precedent exists for our cachet on the Joplin taxing ordinance. But as the appellant-operators counter, the subsequent passage of § 94.510 has enervated the effect of *508 Chestnut* on this case.

The tax imposed by Ordinance No. 80–147 is a sales tax. It was not submitted to a vote of the people as required by § 94.510, RSMo 1978. It is, therefore, invalid.

The judgment is reversed.[2]

RENDLEN, C.J., and CRANDALL and REINHARD, Special Justices, concur.

BILLINGS and DONNELLY, JJ., not sitting.

---

2. The result reached may be, at best, only a pyrrhic victory for appellant-operators. As recognized by the parties, if the tax proposal is submitted under § 94.510 to a vote of the registered voters of the City of Joplin, it does not seem, as a practical matter, that any great groundswell of opposition could be mounted against the tax to be paid by transients for the benefit of Joplin residents.