**Edd MILLER, Plaintiff–Appellant,**

v.

**CITY OF SPRINGFIELD,
Defendant–Respondent.**

No. 15399.

Missouri Court of Appeals,
Southern District,
Division Two.

March 29, 1988.

Motion for Rehearing and/or Transfer to Supreme Court Denied April 15, 1988.

Application to Transfer Denied
June 14, 1988.

Bob J. Keeter, Wear, Keeter, Karchmer, Nelms & Kirby, Springfield, for plaintiff-appellant.

Karen Marty, Asst. City Atty., Springfield, for defendant-respondent.

PREWITT, Presiding Judge.

At issue is the validity of the "license fee for engaging in an occupation" assessed by the City of Springfield. See Springfield, Mo., Code ch. 20, art. I (1986). The trial court, sitting without a jury, found the fee to be valid and plaintiff, a "service station" operator, appeals.

Plaintiff originally appealed to the Missouri Supreme Court which transferred the case, of its own motion, to this district "in which jurisdiction is vested." The constitutionality or validity of a city ordinance is not within the appellate jurisdiction of the Missouri Supreme Court but "construction of the revenue laws of this state" is. See Mo. Const. art. V, § 3. Although the briefs of the parties discuss a section of the Missouri Constitution and statutory sections that relate to revenue, hereinafter cited, they are not construed here, but applied as written or in accordance with decisions of the Missouri Supreme Court. Therefore jurisdiction is properly here. See *Southwestern Bell Telephone Co. v. Wickliffe*, 629 S.W.2d 618, 620 (Mo.App.1982).

Plaintiff paid the "license fee" under protest in March of 1986 and thereafter filed suit for a refund. Plaintiff contends that assessment of this "fee" is invalid because it was a sales tax not submitted to the vote of the people, as required by § 94.510, RSMo 1978, and "imposes a tax in a field that has been preempted by the state," citing § 144.030.2, RSMo 1978.[1] Plaintiff contends "further that the ordinance imposes a tax in violation of Article IV, Section 30(a) of the Missouri Constitution in that it is not uniformly imposed."

We first consider whether the "license fee" is a sales tax. Plaintiff acknowledges that if it is not, the statutory sections on which plaintiff relies do not apply. Plaintiff claims that the fee is a sales tax because "the amount of the tax is determined by the amount of gross sales, including motor vehicle fuel sold at retail. The tax is not on the entire amount of gross sales but allows the merchant to make certain deductions before computing the tax, thereby making it a sales tax". The deductions referred to are "seven cents ($0.07) for each gallon of … motor fuel … of gross sales or receipts." Springfield, Mo., Code § 20–19.1(b) (1986).

---

1. Since amended. See § 144.030, RSMo 1986. The portion of § 144.030.2, RSMo 1978, relied on by plaintiff states: "In order to avoid double taxation under the provisions of sections 144.- 010 to 144.510, no tax shall be paid or collected under sections 144.010 to 144.510 upon the sale at retail of any motor fuel subject to an excise or sales tax under another law of this state".

Both parties cite and primarily rely on *Anderson v. City of Joplin*, 646 S.W.2d 727 (Mo.1983) and *Suzy's Bar & Grill, Inc. v. Kansas City*, 580 S.W.2d 259 (Mo. banc 1979). *Anderson*, 646 S.W.2d at 728, summarizes how *Suzy's Bar & Grill* distinguishes between a sales tax and a license tax based on gross receipts:

> In either instance, the base may be referred to as "gross receipts," but the distinction lies in the difference between the kinds of *receipts* upon which the tax is assessed. A gross receipts-license tax starts with the revenue received by the licensee as a base, not the basic charge made to the customer by the merchant, and assesses a tax equal to a percentage of those revenues without regard to the makeup of the revenue and without restrictions to the percentage stated in the taxing ordinance. [citing *Suzy's Bar & Grill*]. On the other hand, a sales tax is assessed against the taxpayer as a percentage of the price of the goods.

The reason for the seven cent deduction according to the "explanation" of the city council bill providing for it, Springfield, Mo. General Ordinance No. 1544, adopted May 25, 1964, was to allow a deduction for the "Missouri State gasoline tax" since it "is actually upon the user of the fuel and is collected by the seller it is actually no part of the sellers gross sales or receipts." The motor vehicle fuel tax, apparently the tax referred to in the explanation, is imposed by § 142.020, RSMo 1986. At the time the license fees in dispute here accrued the fuel tax rate was seven cents per gallon. See § 142.025, RSMo 1978. It is now eleven cents per gallon. See § 142.025, RSMo Supp.1987.

Under § 142.020.6 the fuel tax monies collected by the seller are "public money, the property of the state of Missouri, unless and until the distributor collecting said money shall pay to the director of revenue the license tax imposed". Under § 142.020 the seller of the motor fuel collects a tax for the State of Missouri, although he is liable for the amount of it if he fails to do so, and having collected the tax holds it for the state. It never becomes his.

▮▮▮ That being so, perhaps it was not necessary for Springfield to exclude the seven cents per gallon from gross receipts or sales as it was never the sellers, and thus not part of his gross receipts or sale. However, excluding it does not make the license fee a sales tax. The license fee starts with and is based upon all of the seller's revenue. The fee is not based upon a percentage of the price of the goods before taxes, but upon total receipts, including taxes. Under the holdings of *Anderson* and *Suzy's Bar and Grill* the license fee was not a sales tax. See also *Liggett Drug Co. v. Lee*, 126 Fla. 359, 171 So. 326, 330 (1936). As the license fee is not a sales tax, the premise upon which this contention of plaintiff is based is incorrect and the contention fails.

Plaintiff's remaining claim is that the ordinance imposes a tax in violation of Article IV, Section 30(a)3 of the Missouri Constitution as it is not uniformly imposed because "some merchants pay a flat fee and others pay based upon sales." The portion of the Missouri Constitution relied upon is set forth below.[2]

One-hundred-fifty-five occupations are listed in the ordinance adopting these fees. See Springfield, Mo., Code §§ 20–20.1—20–20.147 (1986). Forty-one of those, including "Service stations", pay based on a "standard scale". These pay a license fee based upon gross sales or receipts for the

---

**2.** Except for taxes or licenses which may be imposed uniformly on all merchants or manufacturers based upon sales, or which uniformly apply ad valorem to the stocks of merchants or manufacturers, no political subdivision in this state shall collect any tax, excise, license or fee upon, measured by or with respect to the importation, receipt, manufacture, storage, transportation, sale or use, on or after the first day of the month next following the adoption of this section of fuel used for propelling motor vehicles, unless the tax, excise, license or fee is approved by a vote of the people of any city, town or village subsequent to the adoption of this section, by a two-thirds majority. All funds collected shall be used solely for construction, reconstruction, maintenance, repair, policing, signing, lighting, and cleaning roads and streets and for the payment of principal and interest on indebtedness incurred prior to January 1, 1980, on account of road and street purposes. Mo. Const. Art. IV, § 30(a)3.

previous twelve months, except for the seven cents per gallon of motor fuel previously discussed, if the business has been in operation for that period. Plaintiff's business has been. Fourteen occupations pay on a standard scale with some modification and one-hundred pay a flat fee (some pay more and some less than plaintiff paid) or a fee on a different basis.[3]

Plaintiff lists in his brief twenty-five examples where he says the fee is not uniform because of "the following merchants listed who are not assessed a fee based on sales, but by flat fee". Many of those in plaintiff's list are not merchants. "A merchant is one who is engaged in the purchase and sale of goods; a trafficker; a trader." *Fischbach Brewing Co. v. City of St. Louis*, 231 Mo.App. 793, 95 S.W.2d 335, 340 (1936). See also *Riden v. City of Rolla*, 348 S.W.2d 946, 948–949 (Mo.1961) (usually meaning of "merchant" is one who engages in purchase and sale of goods).

Plaintiff's list of "merchants" includes amusement center; auctioneers; auctions; barbers; barbershops; beauty operators; beauty parlors; billiard parlors and pool rooms; bowling ball and pin alleys; coin-operated machines; cold storage and locker plants; coupons or trading stamps, sale or distribution; dance halls; dealers at retail in intoxicating liquor—for consumption on premises where sold; restaurant bars; hotels; locksmiths; motels and tourist courts; taxidermists; and theaters and moving picture houses.

■ Although some of these may incidentally sell items which could be sold by a merchant, merchandising is not their principal business. For example, theaters, bowling alleys, and restaurant bars may sell items which may either be consumed or used on the premises or off, but their principal business is not acting as a merchant.[4]

■ Plaintiff also lists new automobile dealers and used automobile dealers, and is correct that both are merchants. However, they pay on the same "standard scale" as does plaintiff with a minimum charge. Based on the same gross receipts, in no event would an auto dealer pay less than plaintiff.

■ Others listed by plaintiff in urging that the fees are not imposed uniformly are cigarette dealers, hucksters and hawkers, and magazine and book solicitors. Magazine and book solicitors pay a fee of $25.00 for each supervisor and $15.00 for each solicitor or telephone solicitor. We do not view such solicitors as merchants. They would not normally buy or sell but would be a salesperson, perhaps an employee or independent contractor, for publishers.

Hucksters and hawkers "conducting business on foot" pay a fee of $5.00 a month or $25.00 a year. Those using a wagon, automobile, cart or other vehicle or conveyance pay $20.00 for each vehicle's use. Although they may be within the definition of merchants, they are not the usual type of merchant who operates in a fixed location.

"Cigarette dealers", the remaining occupation listed, pay $2.50 per thousand for cigarettes sold, offered, delivered, used, disposed of, or displayed for sale. Such dealers apparently would be merchants but of a limited type and selling a highly taxed product. The fee for cigarette dealers is proportionally much higher than for plaintiff. There are 1000 cigarettes in 5 standard cartons. One thousand standard cartons would contain 200,000 cigarettes. Selling at $10.00 a carton, approximately

---

**3.** For examples of the latter, rooming houses having six rooms or more pay a fee of $1.00 per room; shoe shine parlors pay $2.50 for the first chair and $1.00 for each additional chair; banks pay $75.00 for capital stock of $25,000 or less and $0.50 for each $1,000.00 of capital stock and surplus in excess of $25,000.00.

**4.** Restaurants in serving food and beverages for consumption on the premises have historically been considered not as selling items but as providing a service. *Stanfield v. F.W. Wool-*

*worth Co.*, 143 Kan. 117, 53 P.2d 878, 879 (1936); *Friend v. Childs Dining Hall Co.*, 231 Mass. 65, 120 N.E. 407 (1918). The proprietor was not called a "merchant" but a "victualer". See *Cushing v. Rodman*, 82 F.2d 864, 867 (D.C. Cir.1936).

At least for implied warranty purposes sale of food or drink to be consumed either on the premises or elsewhere is now a sale. § 400.2–314, RSMo 1978.

the present retail price for most domestic cigarettes including sales taxes, 1000 cartons would gross $10,000.00. The license fee for those 1,000 cartons would be $500.00. Plaintiff paid $344.82 based on gross receipts of $1,293,819.00.

■ The distinctions between various merchants in the ordinance are not so significant that the license fee is not "imposed uniformly". The Missouri Supreme Court has said that uniformity as applied to taxes on occupations is satisfied when they are imposed alike on all persons who are in substantially the same situation. *Village of Beverly Hills v. Schulter*, 344 Mo. 1098, 130 S.W.2d 532, 535 (1939). See also *City of Sedalia v. Standard Oil Co.*, 66 F.2d 757, 760 (8th Cir.1933), cert. denied 290 U.S. 706, 54 S.Ct. 374, 78 L.Ed. 607 (1934) (City can divide payers of license fees into reasonable classes); *Pipe Fabricators, Inc. v. Director of Revenue*, 654 S.W.2d 74, 77 (Mo. banc 1983) (absolute uniformity not required in tax classifications, test is whether the classifications amount to "invidious discrimination"); *Thunder Oil Co. v. City of Sunset Hills*, 349 S.W.2d 82, 87 (Mo. banc 1961) (license tax uniform if it operates equally upon all in the same class).

Persons who operate in substantially the same manner are assessed alike. Thus the classifications in the ordinance are reasonable and the license fee imposed on plaintiff does not violate Mo. Const. Art. IV, § 30(a)3.

The judgment is affirmed.

HOGAN, FLANIGAN and MAUS, JJ., concur.