DEBENHAM v. SHORT et al. (No. 1873.)

(Court of Civil Appeals of Texas. Texarkana. Dec. 6, 1917.)

1. MECHANICS' LIENS ☜═10—"CAFÉ"—"RESTAURANT"—"HOTEL"—"STORE"—"SHOP."

Vernon's Sayles' Ann. Civ. St. 1914, arts. 5644, 5645, providing for a lien for employé's performing services in any "store," "hotel," or "shop," etc., do not authorize a lien upon a "restaurant," since it is a place where, under proper conditions, one may demand that food be furnished him, while a "hotel" is a place where he may demand lodging, and "restaurant," given its ordinary signification under article 5502 is not a "hotel," in view of legislative policy indicated by articles 4536 and 5246a, nor does it become such because the proprietor kept a price list of the rooms in and instructed employés to recommend a nearby hotel, and the selling of cigars by a "café" or "restaurant" does not make it a "store" or "shop."

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Hotel; Restaurant; Shop; Store.]

2. CONSTITUTIONAL LAW ☜═70(3) — WISDOM OF LEGISLATION.

That no reason is apparent why the Legislature should have discriminated between employés of hotels and of restaurants does not authorize a court to construe Vernon's Sayles' Ann. Civ. St. 1914, art. 5644, so as to include both when the ordinary signification of the language excludes the latter.

Appeal from Harrison County Court; W. H. Strength, Judge.

Suit by L. W. Debenham against F. Short and another. Judgment for plaintiff for the sum claimed, but refusing to foreclose a statutory lien. Plaintiff appeals. Affirmed.

September 1, 1916, A. Demetrack sold the crockery, cutlery, tables, chairs, counters, mirrors, stoves, and other furnishings used in the operation of a restaurant in Marshall, known as the "Elite Café," to F. Short for $800. The sale was on credit; and to secure the payment of the purchase price Short, on the day it was made, executed and delivered to Demetrack a mortgage on the property, which the latter forthwith filed for registration in the office of the county clerk. Short employed one Brown as a cook and appellant and one Gilbert as waiters to assist him in the operation of the restaurant, and became indebted to them, respectively, in sums aggregating $111.45, which he failed to pay as agreed upon, whereupon each of them undertook by a compliance with the requirements of article 5645 Vernon's Statutes, to fix a lien upon the property specified above. Brown and Gilbert thereafterwards duly assigned their claims to appellant, who by this suit sought a recovery of the $111.45 as against Short, and a foreclosure of the lien he claimed on the property as against Short and Demetrack. The appeal is by appellant from a judgment in his favor against Short for the $111.45, but refusing to foreclose the statutory lien he claimed against the property.

C. E. Carter, of Marshall, for appellant. Bibb & Bibb, of Marshall, for appellees.

WILLSON, C. J. (after stating the facts as above). [1] The question presented by the record may be stated as follows: Under article 5644, Vernon's Statutes, does a lien for wages due exist on articles used in the operation of a restaurant in favor of one who, having served the owner thereof as a cook or waiter, has complied with the requirements of article 5645 of said statutes? Said article 5644 is, in part, as follows:

"That whenever any clerk, accountant, bookkeeper, artisan, craftsman, factory operator, mail operator, servant, mechanic, quarryman, or common laborer, farm hand, male or female, may labor or perform any service in any office, store, saloon, hotel, shop, mine, quarry, factory or mill of any character, * * * under or by virtue of any contract or agreement, written or verbal, with any person, employer, firm, corporation, or his, her, or their agent or agents, receiver or receivers, trustee or trustees, in order to secure the payment of the amount due or owing under such contract or agreement, written or verbal, the hereinbefore mentioned employés shall have a first lien upon all * * * things of value of whatsoever character * * * that may be used by such person or persons, or necessarily connected with the performance of such labor or service, which may be owned by or in the possession or under the control of the aforesaid employer, person, firm, corporation, or his, or their agent or agents, receiver or receivers, trustee or trustees: Provided, that the lien herein given to a farm hand shall be subordinate to the landlord's lien now provided by law."

[2] It will be noted that persons hired to serve in a restaurant are not within the words of the statute. Appellant insists that he and his assignors nevertheless were within its terms, because, he asserts, the Elite Café as operated by Short was a "hotel." If there was any testimony showing that Short operated the restaurant in a way different from the way restaurants ordinarily are operated, it was that disclosing that Short had a list showing the prices at which the owner of the Lake House, a nearby hotel, let rooms, and that he, because he was friendly to the owner, instructed his employés to recommend that hotel to patrons of the restaurant who inquired about lodging places. We do not think the testimony referred to is of importance in determining whether the Elite Café was a "hotel" within the meaning of the statute or not. Giving to the word

"hotel" its "ordinary signification," as we must (article 5502, Vernon's Statutes), it does not mean a restaurant, and that it does not is recognized by the Legislature in other statutes. For instance, the statute authorizing members of the board of health to enter into and inspect certain places and houses (article 4536, Vernon's Statutes), and the statute limiting the time a female may be employed in certain places to 54 hours per week (article 5246a, Vernon's Statutes), specify among other places, both "hotels" and "restaurants." As commonly used, the word "hotel" is understood to mean a place where, generally speaking, any person who conducts himself properly and is able and willing to pay for same has a right to demand that lodging be furnished him; and the word "restaurant" to mean a place where such a person has a right to demand that food be furnished him. In common parlance a restaurant is never denominated a "hotel," nor a hotel a "restaurant." As every reason why one who labors in a hotel should have a lien for wages due him applies as well to one who labors in a restaurant, we do not understand why the benefit of the statute should not have been conferred upon both alike. But that no reason is apparent why the Legislature should have discriminated between the two classes of employés does not authorize a court to construe the statute so as to include both,. when it plainly appears, if the "ordinary signification" of the language of the statute is kept in mind, that one of the classes was excluded. Roberts v. Yarboro, 41 Tex. 449; Goldsticker v. Ford, 62 Tex. 385.

For a like reason, to wit, that a "restaurant," notwithstanding cigars are sold in it, as they were in the Elite Café, is not a "store" or a "shop" within the popular meaning of those words, we think the contention made by appellant to the contrary must be overruled. So far as the record shows to the contrary, selling cigars was a mere incident of the business to which the café was devoted, and we think, did not make it a "store."

The judgment is affirmed.