DUNLOP TIRE & RUBBER COMPANY, *et al.*, v. J. M. LEE, as Comptroller.

171 So. 331.
Opinion Filed December 1, 1936.

*Thomas B. Adams,* for Appellants;

*Cary D. Landis,* Attorney General, *H. E. Carter* and *W. P. Allen,* Assistant Attorneys General, and *J. Velma Keen,* for Appellee.

DAVIS, J.—This is an appeal from a final decree denying an injunction and dismissing a bill of complaint brought to have declared unenforceable against appellant the provisions of Chapter 16848, Acts 1935.

The constitutionality of Chapter 16848, *supra,* has been heretofore upheld by this Court as to the special taxes imposed by Subdivision A and Class 1 of Subdivision B of Section 4 of the Act. The appellant's renewed challenge of the constitutionality of the Act, made in this case, is rejected on the authority of our decisions already given in the earlier cases. State, *ex rel.* Adams, v. Lee, 122 Fla. 639, 166 Sou. Rep. 249; State, *ex rel.* Lane Drug Stores, Inc., v. Simpson, 122 Fla. 582, 166 Sou. Rep. 227; State, *ex rel.* X-Cel Stores, Inc., v. Lee, 122 Fla. 685, 166 Sou. Rep. 586. See also: Louis K. Liggett Co. v. Lee, 288 U. S. 517, 53 Sup. Ct. 48, 77 L. Ed. 929, 85 A. L. R. 699.

The charge set forth in paragraph XIII of the Bill to the effect that the Comptroller and Attorney General have entered into an unlawful political conspiracy with certain "home owned" merchants in the State of Florida to relieve such home owned merchants from compliance with the provisions of Chapter 16848, Acts of 1935, while enforcing the Act against appellant and others similarly situated, even

if sustainable in point of fact, affords no ground for equitable interference with the enforcement of the Act against appellant, so was properly stricken. The proper enforcement of the Act against "home owned" merchants so as to accomplish the equal protection of the law as to their competitors, such as appellant, is capable of being effectuated by mandamus brought in the name of appellant, or any other party interested. See: Louis K. Liggett Co. v. Lee, 104 Fla. 609, 141 Sou. Rep. 153.

The Circuit Court properly held that the business of appellant as the owner and operator of retail tire stores was subject to the special license taxes imposed by Chapter 16848, notwithstanding it was already licensed and paying taxes under Chapter 12412, Acts 1927, Laws of Florida, specially applying to tire and tube dealers. See Section 17 of Chapter 16848, *supra*. Also see: Liggett Drug Co. v. Lee, 126 Fla. 359, 171 Sou. Rep. 326, decided at the present term.

Affirmed.

WHITFIELD, C. J., and TERRELL, BROWN and BUFORD, J. J., concur.