MASON LUMBER COMPANY, *et al.*, v. J. M. LEE, as Comptroller, *et al.*

171 So. 332.
Opinion Filed December 1, 1936.

*Thomas B. Adams,* for Appellants;

*Cary D. Landis,* Attorney General, *H. E. Carter* and *W. P. Allen,* Assistant Attorneys General, and *J. Velma Keen,* for Appellees.

DAVIS, J.—Appellants, who are engaged in the operation of retail lumber yards in the State of Florida, were denied an injunction against the enforcement of the taxes prescribed by Subdivision A of Section 4 of Chapter 16848, Acts 1935, but were granted an injunction against the enforcement of the "gross receipts" tax provisions of Class 1 of Subdivision B of Chapter 16848, Acts of 1935, as attempted to be applied to sales of lumber and building material when made by the appellants to independent contractors who in turn transferred such lumber and materials

purchased from appellants to property owners in the course of their performance of construction contracts with such owners, the Chancellor certifying with respect to the latter class of sales transactions that he was of the opinion that such bulk sales to contractors for construction purposes, under the circumstances above outlined, are not *retail* sales of lumber and building materials within the purview of the "gross receipts" tax provisions of the 1935 Act.

A retail lumber yard operation is within the statutory language of Chapter 16848, *supra,* in its definition of a "retailer" as defined by Section 2 of the Act, so the injunction against the enforcement of the taxes levied by Subdivision A of Section 4 of said Chapter was properly denied.

Bulk sales of lumber and building materials to contractors who in turn transfer such lumber and building materials to property owners in the course of executing construction contracts calling for the performance of work and the furnishing of materials to achieve the completed structure to be turned over by the contractor in the consummation of his construction contract, were properly held by the Chancellor not to constitute "retail" sales within the purview of the definition of such sales as contained in the Act, so the injuunction with respect thereto was properly granted.

The decree upholding the constitutionality of Chapter 16848, Acts 1935, as to the taxes provided in Subdivision A and Class 1 of Subdivision B of Section 4 of the Act, was not erroneous for the reasons pointed out in our opinion in the case of Dunlop Tire and Rubber Co. v. Lee, 126 Fla. 369, 171 Sou. Rep. 331, and cases cited therein.

Suits prosecuted under Chapter 8586, Acts of 1921, to test the legality of taxes, assessments, or tolls, are maintainable solely against the enforcement officer charged with

the responsibility for the collection of the taxes involved, without the necessity of joining any other party. Where the Comptroller is made by statute the enforcement officer with reference to a special tax, suits against him brought under Chapter 8586, Acts 1921, *supra,* Sections 1038-1040 C. G. L. are maintainable against him only in Leon County, the place of the Comptroller's official residence, unless he shall waive the point of venue by failing to insist upon it, or unless some attempt to seize and sell property to satisfy the disputed tax has been actually initiated in the county where the suit is otherwise instituted. However, we have treated the filing by the Comptroller of cross-assignments of error in this case as amounting to a waiver of the point of venue raised on this appeal.

Affirmed.

WHITFIELD, C. J., and TERRELL, BROWN and BUFORD, J. J., concur.