J. M. LEE, as Comptroller, v. THE CLOVERLEAF, INC., *et al.*

177 So. 722.
Division A.
Opinion Filed December 22, 1937.

*Cary D. Landis,* Attorney General, and *H. E. Carter* and *W. P. Allen,* Assistant Attorneys General, for Appellant;

*Thomas B. Adams,* for Appellees.

TERRELL, J.—This appeal is from final decree permanently restraining the Comptroller from enforcing the provisions of Chapter 16848, Acts of 1935, against the Appellees on the theory that said Act had no application to restaurants, cafes, cafeterias, lunch or sandwich stands, or counters where cigars and cigarettes are also sold. The bill of complaint alleges that Appellees are engaged in these businesses.

Several questions are urged for adjudication, but they may all be comprehended in the single question of whether or not "restaurants, cafes, cafeterias, lunch or sandwich stands or counters, including or covering the sale of cigars and cigarettes" were embraced in the term "store" as defined by Chapter 16848, Acts of 1935, and made subject to the privilege taxes imposed thereby.

This question is resolved by a consideration of the title and definition of the term "store" as used in Section Two

of said Act. Chapter 16848, Acts of 1935, is better known as the Chain Store Tax Act and the pertinent part of the title is as follows:

"An Act to Provide for the Relief of the Public Free Schools of the State of Florida by Raising Revenue for the County School Fund by Levying and Imposing a Tax Upon the Privilege of Operating a Store or Stores Within this State; to classify such stores for the Purpose of Such Taxation and of Graduating the Tax in Accordance With the Number of Stores Operated Under a Single Ownership, Management, or Control."

The Legislature may make the title to an Act as comprehensive or as restrictive as it chooses. State, *ex rel.* Davis, v. Love, 99 Fla. 333, 126 So. 374; State, *ex rel.* Crump, v. Sullivan, 99 Fla. 1070, 128 So. 478. In the title quoted, the privilege tax in question was limited to a "store or stores" and cannot be construed as extending to any other instrumentality. Section Two defines the word "store" as follows:

"(g) The term 'store' as used in this Act shall be construed to mean and include any store or stores of any mercantile establishment or establishments whether the same be stationary or movable by means of wheels or otherwise which are owned, operated, maintained or controlled by the same person, firm, corporation, co-partnership or association, either domestic or foreign in which goods, wares, or merchandise of any kind are sold or offered to be sold at retail."

Considering the title and the definition of the word "store" as quoted and used in the Act, it would be difficult to enunciate in clearer language that the tax brought in question was limited to a store or stores of any mercantile establishment or establishments owned by the same person or corporation and selling at retail. Such being the scope of the

Act, other terms defined therein, such as "person," "sale," "retail sale," "business," "retailer," "gross receipts," and "chain" or "chain stores" are limiting words relating only to the primary subject taxed.

We find nothing in the title or body of the Act so quoted to indicate that the Legislature intended to. embrace restaurants, cafes, cafeterias, lunch or sandwich stands or counters, including or covering the sale of cigars and cigarettes, in the term store or mercantile establishment and certainly the very nature of the business conducted by them, the special taxes imposed on them, and other circumstances not necessary to relate would exclude them from the terms of the Act.

The sale of cigars and cigarettes is a mere incident to the operation of the restaurant, cafe, or cafeteria business and is subject to a special tobacco tax regardless of where sold. Restaurants, cafes, and cafeterias or public eating places are lacking in every prerequisite of a mercantile establishment or store where goods are manufactured or dispensed at retail. They involve so many elements not concomitant to a retail store that we can conceive of no theory on which they could be classed as such. City and County of San Francisco v. Larson, 165 Cal.179, 131 Pac. 366; DeBenham v. Short, et al. (Tex. Civ. App.) 199 S. W. 1147; 54 C. J. 730:

There is still another and more conclusive reason why restaurants, cafes, and cafeterias are not subject to the tax imposed by Chapter 16848, Acts of 1935. Chapter 16042, Acts of 1933, defined the term restaurant to include every building or structure maintained, used, or held out to the public as a place where meals are served or where lunches are prepared and served and imposed a privilege tax on them graduated according to the accommodations or cus-

tomers served. We find no purpose to repeal this tax and cannot think of the objects taxed as subject to both taxes.

This holding is not opposed to what we held in Mason Lumber Company v. Lee, Comptroller, 126 Fla. 371, 171 So. 332, and Liggett Drug Co. v. Lee, Comptroller, 126 Fla. 359, 171 So. 326, relied on by Appellant. These cases were disposed of on the theory that the complaining parties were the operators of retail stores under the same management as contemplated by Chapter 16848. The gross receipts tax was applied to their restaurant and lunch counter departments on the theory that they were congeneric subdivisions of the retail business.

Toxaway Hotel Co. v. J. L. Smathers & Co., 216 U. S. 439, 30 Sup. Ct. 263, 54 L. Ed. 558, is illuminating on this point. In that case, the Court held that innkeeping was not a mercantile pursuit and to so hold would give the words an elasticity not accorded them in common usage. This notwithstanding a bar, news stand, and restaurant were operated in connection therewith as incidental to the main business. It was recognized that foods and drinks prepared and served at these places were not bought for resale, but to serve customers, the prices therefor to include rent, service, heat, light, and other costs. Woolworth Co. v. Wilson, 74 Fed. (2nd) 439; Liggett Drug Co. v. Lee, *supra;* State, *ex rel.* Adams, v. Lee, 122 Fla. 639, 166 So. 249.

The injunctive order appealed from embraces liquors, wines and other intoxicating beverages sold by complainants, in their business. The pleadings do not indicate that such commodities were sold by Appellees and there is no finding of fact that they were in fact sold. There being no showing whatever that intoxicants of any kind were sold by Appellee, there was no basis for this part of the final decree, so it will be treated as surplusage.

In all other respects, the decree appealed from is affirmed. Affirmed.

ELLIS, C. J., and BUFORD, J., concur.

WHITFIELD, P. J., and BROWN and CHAPMAN, J. J., concur in the opinion and judgment.