J. M. Lee, as State Comptroller, v. Federal Bake Shop, Inc.

196 So. 185
En Banc
Opinion Filed April 30, 1940
Rehearing Denied May 28, 1940

*George Couper Gibbs*, Attorney General, and *Thomas J. Ellis*, Assistant Attorney General, for Appellant.

*H. O. Pemberton*, for Appellee.

Buford, J.—Appeal brings for review final decree which, *inter alia*, is,

"It Is Further Ordered, Adjudged and Decreed that the defendant · J. M. Lee, as Comptroller of the State of Florida, his agents and employees, be and they are hereby permanently enjoined and restrained from enforcing or attempting to enforce the provisions of Chapter 16848, Laws of Florida, Acts of 1935, as against the plaintiff in the operation of its bake shops located in the State of Florida, and that the surety bond heretofore filed in this cause by the plaintiff in the sum of $1,000.00 with the Hartford Accident and Indemnity Company as surety be cancelled and released."

The bill of complaint in part alleged:

"Plaintiff is the owner and operator of seven bake shops

or bakeries located at various places in the State of Florida, at each of which it manufactures or makes bakery products, such as bread, pastries, cakes, cookies and, to some extent, baked hams, chickens, and similar items that are prepared and cooked in the bake shop along with the other bakery products, all of which said bakery products are sold to consumers at the bake shop where made or manufactured. Plaintiff does not operate 'stores' and does not sell shelf merchandise and is not engaged in the business of buying tangible personal property and reselling the same as is the function and purpose of a 'store,' but plaintiff is engaged solely in the business of manufacturing bakery products and selling the same at the bake shop at which they are made, such products being sold from day to day as manufactured and not kept in stock as merchandise *is* usually maintained in 'stores.'

## "II

"After the enactment of Chapter 16848, Laws of Florida, Acts of 1935, by the Legislature of the State of Florida, the defendant J. M. Lee, as Comptroller of the State of Florida, demanded of plaintiff that it obtain from the defendant permits for each of its bake shops and pay to the defendant the taxes required of 'stores' by the provisions of the said Act. Plaintiff has obtained from the defendant a permit to operate each of its bake shops and has paid to the defendant each year the sum of $200.00 for each of its bake shops in compliance with the demand of the defendant and his ruling that each of plaintiff's bake shops is a 'store' and subject to the tax of $200.00 imposed by Sub-division A of Section 4 of Chapter 16848, Laws of Florida, Acts of 1935. Plaintiff has also pursuant to the demands of the defendant, filed with the defendant each month a written report in the manner and form designated by said defend-

ant showing the amount of gross receipts from sales made by plaintiff during each of the months preceding the month in which said reports have been filed.

## "III

'"Plaintiff alleges that it has complied with the demands of the defendant by applying for permits, paying taxes, and filing returns under the provisions of Chapter 16848, Laws of Florida, Acts of 1935, for the purpose of avoiding any controversy with the defendant and because of the uncertainty as to the definite meaning and application of various phases of said Act prior to its construction and interpretation by the courts; but that plaintiff does not believe it is subject to the provisions of said Act, nor liable for the payment of any taxes provided thereby for the following reasons:"

Then the pleader sets forth the reasons for the contention presented.

Chapter 16848, Acts of 1935, defines the words and phrases as used in the Act as follows:

"Section 2. DEFINITIONS. The following words, terms and phrases when used in this Act have the meaning ascribed to them in this section except where the context clearly indicates a different meaning.

"(a) 'Person' includes any individual, firm, copartnership, joint adventure, association, corporation, estate, trust, business trust, receiver, syndicate, fiduciary, or any group or combination acting as a unit, and the plural as well as the singular number.

"(b) 'Sale' means any transfer, exchange or barter, conditional or otherwise, in any manner or by any means whatsoever, of tangible personal property, for a consideration, and includes the furnishing, preparing or serving for a consideration of any tangible personal property consumed on

the premises of the person furnishing, preparing or serving such tangible personal property. A transaction whereby the possession of property is transferred by the seller retains the title as security for the payment of the price shall be deemed a sale. For the purpose of this Act the total amount of the sales price above mentioned shall be deemed to be the amount received and no deduction shall be made therefrom by the taxpayer on account of any alleged tax contained in the sales price.

"(c) A 'retail sale' or 'sale at retail' means a sale to a consumer or to any person for any person other than for resale in the form of tangible personal property.

"(d) 'Business' includes any activity engaged in by any person or caused to be engaged in by him with the object of gain, benefit or advantage, either direct or indirect.

"(e) 'Retailer' includes every person engaged in the business of making sales at retail.

"(f) 'Gross Receipts' means the total amount of the sale price of the retail sales of retailers, including any services that are a part of such sales, valued in money, whether received in money or otherwise, including all receipts, cash, credits and property of any kind or nature, and also any amount for which credit is allowed by the seller to the purchaser, without any deduction therefrom on account of the cost of the property sold, the cost of the materials used, labor or service cost, interest paid, losses or any other expense whatsoever; provided, however, that each discount allowed and taken on sales shall not be included and 'gross receipts' shall not include the sale price of property returned by customers when the full sale price thereof is refunded either in cash or by credit, nor shall 'gross receipts' include the price received for labor or services used in installing, applying, remodeling or repairing the property sold. However, 'gross receipts' as herein used, shall in no case

include the receipts derived from the sale of bakery products, dairy products, ice, insecticides, fungicides, fertilizer and agricultural or horticultural products, or implements when sold by the producer or manufacturer thereof, nor the exclusive sale of gasoline, or other like petroleum products, nor the sale of electricity for light, heat or power, nor natural or manufactured gas for light, heat or power. so long as a special excise tax shall be imposed upon such products by the State of Florida nor the gross receipts of express companies or sleeping car companies so long as special gross receipts taxes are imposed thereon by other law, nor to the receipts from the sale of Motor Vehicles, required by State Law to be registered so long as a State license is required for such registration.

"(g)   The term 'store' as used in this Act shall be construed to mean and include any store or stores of any mercantile establishment or establishments whether the same be stationary or movable by means of wheels or otherwise which are owned, operated, maintained or controlled by the same person, firm, corporation, copartnership or association, either domestic or foreign in which goods, wares or merchandise of any kind are sold or offered to be sold at retail. Provided, however, the term 'store' and 'mercantile establishment' shall not include bulk plants or filling stations engaged exclusively in the sale of gasoline and other petroleum products."

"(h)   A 'chain,' 'chain of stores' or 'chain stores' as used in this Act shall mean a group of two or more stores as herein above defined, within this State under the same general management, supervision, control or ownership, whether such ownership, management, supervision or control is direct or indircet, and whether mediate or immediate or is accomplished through stock-ownership in one or more corporations, trusteeship, or by any device whatsoever, the es-

sential test being that such group of stores is ultimately controlled or directed by one management or association of ultimate management."

The allegations of the bill of complaint are sufficient to show that the complainant operates "seven stores" where "retail sales" are made. That it is engaged in the business of operating such "stores" for the object of gain or profit. That complainant is a retailer and that its business is operating chain stores. The allegations are also sufficient to show that complainant at each of such places of business is engaged in manufacturing. If it engaged in manufacturing only and sold its products to distributors, it would not come within the purview of the Act. But if a distributor of its products sold the same at retail, even though it sold no other class of merchandise, such distributor would come within the purview of subdivision "A" of Section 4 of the Act but not under subdivision "B" of that section.

The provisions of paragraph (f) of Section 2 of the Act exclude the complainant from the operation of subdivision "B," *supra*. Therefore, the allegations of the bill of complaint show that complainant is liable for the payment of the tax imposed by sub-section "A" of Section 4 of the Act, but not liable on its sale of bakery products for the payment of the gross receipt tax imposed by sub-section (b) of the Act. Whether or not the "baked hams, chickens and similar items" referred to in the bill of complaint may be held to be "Bakery Products" we do not now attempt to decide.

This holding is in line with our previous decisions construing this Act and we have been cited no decisions which cause us to depart from our former holdings. It could serve no useful purpose for us to repeat what we have said in other cases supporting our judgments therein. See Mason Lbr. Co. v. Lee, 126 Fla. 371, 171 So. 332; Lee v. Clover-

leaf Inc., 130 Fla. 435, 177 Sou. 722; Lee v. Hector Supply Co., 133 Fla. 95, 182 So. 613; Dunlop Tire and Rubber Co. v. Lee, 126 Fla. 369, 171 So. 332.

The decree is reversed with directions for further proceedings not inconsistent with the views herein expressed.

TERRELL, C. J., WHITFIELD, CHAPMAN and THOMAS, J. J., concur.

BROWN, J., dissents.

## ON REHEARING

PER CURIAM.—On petition to modify or clarify our opinion filed here on April 30, 1940, it is pointed out that we inadvertently used the following language:

"But if a distributor of its products sold the same at retail, even though it sold no other class of merchandise, such distributor would come within the purview of subdivision 'A' of Section 4 of the Act but not under subdivision 'B' of that section.

"The provisions of paragraph (f) of Section 2 of the Act exclude the complainant from the operation of subdivision 'B,' *supra.*"

This language should be stricken from the opinion because the exemption provided in paragraph "f" of Section 2 of Chapter 16848 exempts bakery products from the provisions of subdivision "B" of Section 4 of the Act only "when sold by the producer or manufacturer thereof."

It is, therefore, ordered that the Clerk of this Court strike the above quoted language from said opinion, and petition for rehearing be denied.

So ordered.

TERRELL, C. J., WHITFIELD, BUFORD, CHAPMAN and THOMAS, J. J., concur.

Justice BROWN not participating as authorized by Section 4687, Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.