J. M. Lee, Individually and as Comptroller, Appellant, v. Poinsettia Dairy Products, Inc., *et al.,* Appellees.

200 So. 369

Division A

Opinion Filed January 10, 1941

Rehearing Denied March 6, 1941

*George Couper Gibbs*, Attorney General, *Nathan Cockrell*, Assistant Attorney General, *J. Velma Keen, Wm. P. Allen,* and *A. Frank O'Kelley, Jr.,* for Appellant;

*Mabry, Reaves, Carlton & White,* for Appellees.

TERRELL, C. J.—Appellees as complainants filed their bill of complaint in the circuit court praying that appellant as defendant be restrained from enforcing them to pay the gross receipts tax imposed by Chapter 16848, Acts of 1935. A motion to dismiss the bill of complaint was overruled and the injunction as prayed for was granted. This appeal was prosecuted.

Appellees own and operate milk distributing plants where milk is collected, pasteurized, and distributed to regular customers by solicitors working on a commission basis. No sales were made at the plant, no clerks are employed for such sales, no facilities are provided for the service and the plant is in no sense designed for such a purpose.

The question presented is whether or not such distributing plants are stores subject to the gross receipts tax imposed by Chapter 16848, Acts of 1935.

This question must be answered in the negative. The distributing plants by the very nature of the business done are not stores as contemplated by Chapter 16848, Acts of 1935, or Chapter 17103 passed at the same session of the Legislature and better known as the milk control law. Lee v. Cloverleaf, Inc., *et al.,* 130 Fla. 435, 177 So. 722; Lee v. Hector Supply Co., 133 Fla. 95, 182 So. 613. Chapter

16848 Acts of 1935, applies only to retail sales and it is perfectly apparent that the sale brought in question is a wholesale sale.

Another and perhaps more conclusive reason why the sales brought in question are not subjet to the chain store tax is that the sale of milk is regulated by Chapter 17103, Acts of 1935, which defines a complete scheme aside from all others for regulating the sale, licensing, taxing, and distributing of milk. An examination of the latter Act shows conclusively that it was not intended that the gross receipts tax should be imposed on the milk distributing business whether dispensed from distributing plants or from retail stores, Chapter 17103 being the sole authority to tax the milk business.

Affirmed.

BUFORD, THOMAS and ADAMS, J. J., concur.