44 So.2d 87 (1950)
L.B. PRICE MERCANTILE CO.
v.
GAY, Comptroller.
Supreme Court of Florida, Special Division B.
January 31, 1950.
*88 Rogers, Towers & Bailey, Jacksonville, for petitioner.
Richard W. Ervin, Attorney General, Fred M. Burns and T. Paine Kelly, Assistant Attorneys General, for respondents.
CHAPMAN, Justice.
Prior hereto an alternative writ of mandamus issued upon the relation of the petitioner against Honorable C.M. Gay, Comptroller of the State of Florida, and a return thereto as filed by him necessitated the taking of testimony, and, accordingly, the same was by this Court referred to Honorable Hugh M. Taylor, Circuit Judge, with directions to take the testimony of the parties and to report the same, with his recommendations, to this Court as to a proper decree. Pursuant thereto the Honorable Hugh M. Taylor heard the testimony of the parties, caused the same to be reduced to writing and returned it to this Court with all the original files previously transmitted to him.
Pertinent statements of Judge Taylor are viz:

"Finding of Fact.
"Relator is a foreign corporation duly authorized to transact business in the State of Florida. Its business consists of the sale of tangible personal property.
"Its method of selling is as follows: Relator maintains in each of the cities of Jacksonville, Pensacola, Tampa and Miami, a building in which it has an office and in which it maintains a supply of the articles being sold. During the year beginning July 1, 1948, it sold approximately half a million dollars worth of merchandise. About 98% of these sales were installment sales, title to the property being retained in Relator until the full purchase price was paid.
"The rules of the company forbid any sales being made or goods displayed for sale in any of the buildings maintained for offices and storage. These rules require that any prospective customers coming to or telephoning to one of these buildings be not permitted to examine the merchandise there but that they be requested to leave their names and addresses so that a salesman may call upon them. Each place of business bears Relator's name but each has posted thereat a placard reading: `Positively no merchandise sold either at wholesale or retail in this warehouse. The L.B. Price Mercantile Co.' These buildings contain counters and shelves for convenience in handling merchandise, but none for display to customers.
"Sales are made by traveling salesmen who carry samples of the merchandise from house to house and take orders. These *89 salesmen sometimes make delivery immediately from stock carried with them, but usually take the order and return later to deliver the goods, which in the meantime, they have secured from the supply maintained at the place of business out of which the salesman works. Sales are usually for small amounts and orders are cleared through Relators office with little check on the credit standing of the purchasers, but a power of supervision is vested in the office receiving the order and issuing the goods to the salesman for delivery to customers. Collections, usually in weekly or monthly installments, are in same areas made by the salesmen and in others by collectors who make no sales. Salesmen are compensated on a commission basis.
"Since 1935 the Relator has paid the retail store taxes imposed by statute. The first payment was made under protest, but the then Comptroller refused to accept it until the protest was withdrawn. After some correspondence this was done and the taxes thereafter paid. The payment made for the year beginning July 1, 1948, amounted to $1980.00. It is this payment that Relator seeks to have refunded in the present litigation. The Comptroller required that application for licenses be made on forms prepared by him, which forms refer to the places of business as stores.
"Relator's rules with reference to sales upon its premises as above outlined are clearly established by testimony of its Vice President and Division Manager. He also testified that he received reports of the conduct of the various branch offices from auditors, and that he visited each branch three to four times a year for several days; that his observation and reports to him indicated the rules were observed; that on three occasions in the past twelve years, employees had been discharged for violating them and that he knew of no instance in which a violation had been detected and the employee retained in the services of the company.
"No effort was made by Relator to show by specific testimony of office employees at the various branches that no sales had been made on the premises during the year in question. On the other hand, the respondent offered no evidence that indicated that such sales had been made. Relator offered to pay any taxes due by it under any other statute.

"Findings of Law.
"Three questions of law are presented.
"1. May Relator obtain the relief sought by mandamus?
"2. Are Relator's places of business `stores' within the meaning of the statute?
"3. Is Relator at this time estopped to deny liability for the tax?
"1. Mandamus lies only to enforce a clear legal right in a case where there is a clear legal duty on the part of a public officer to perform the act sought to be coerced. It is seldom proper to resort to mandamus when determination of controverted questions of fact is necessary in an ascertainment of the rights of the parties. However, the strict rule has been somewhat relaxed in this State. State v. Gay, 160 Fla. 445, 35 So.2d 403. In the case at bar, although issues of fact are made by the pleadings, there is no conflict in the evidence and a clear statement of the facts might easily have been presented to the court without any testimony being taken.
"The presentation of cases requiring testimony directly to the Supreme Court should be discouraged but a dismissal of this case for this reason would put Relator and the State to needless expense in relitigating the whole matter in another proceeding.
"2. The definition of store in the applicable statute is: `Store' as used in this chapter shall mean and include any store of any mercantile establishment * * * in which goods, wares, or merchandise of any kind, are sold or are offered for sale at retail. * * *' Sec. 204.01(6), Florida Statutes 1941, as amended 1947 F.S.A.
"Under the express language of the statute, Relator's places of business are not stores, for the reason that no sales were made and no merchandise was offered for sale, in the places of business operated by it. Relator is therefore, not subject to the tax. This conclusion is fortified by the decision *90 in the case of Lee v. Poinsettia Dairy Products, Inc., 145 Fla. [610] 611, 200 So. 369. See also the Texas case of Hurt v. Cooper, 130 Tex. 433, 110 S.W.2d 896.
"3. Relator is not estopped to demand return of the taxes in question. It seeks only the return of taxes paid for the tax year in which the petition was filed. One of the essential elements of an estoppel is that the party asserting the estoppel must show that he relied upon the conduct of his adversary and changed his position in reliance thereon, and that he would consequently be injured by an assertion of the truth; or that the other party has benefited by his former position. There is neither claim nor showing that the State of Florida has taken any action in reliance upon the continued payment of these taxes by Relator, nor does it appear that Relator has received any benefit from the payment of the tax in prior years.
"The construction of the statute by the Comptroller which would require Relator to pay the tax was promptly objected to by Relator but its tax was so small at that time, that it preferred to pay rather than litigate. Payment under such conditions does not estop Relator from later asserting that it is not subject to the tax.
"A departmental construction of a taxing statute acquiesced in for a long time by those affected by the statute is entitled to great weight when the statute is reasonably susceptible to two constructions. But where, as here, the statute is plain, and has been construed by the highest court of the State, such departmental construction cannot take from the judiciary the duty to declare what the law is.

"Recommendation.
"I recommend that the Court enter an order directing that writ of mandamus issue requiring that the respondent repay to relator the sum of $1980.00 collected by him from relator and for taxes due under Chapter 204, Florida Statutes 1941, as amended, F.S.A., for the tax year beginning July 1, 1948, after first deducting therefrom any sums found to be due by relator or its employees with respect to the operation of its business for said year, but not collected because of the assumption that relator was subject to taxation under said Chapter 204, Florida Statutes 1941, as amended.
"I further recommend that actual issuance of the writ be stayed for 30 days, thus allowing a reasonable time for the performance of the duty herein found to exist before the coercive process of the Court is issued."
The report and recommendation as made to this Court in this cause by the Honorable Hugh M. Taylor is in every respect approved, ratified and confirmed. The peremptory writ of mandamus is hereby issued in conformity with the prayer of the original petition.
It is so ordered.
ADAMS, C.J., and THOMAS and HOBSON, JJ., concur.