MATHEWS, Justice.
Petition for alternative writ of mandamus was granted in this case. The respondent filed a return and the petitioner filed a motion for a peremptory writ notwithstanding the return.
Gail S. Lynch, the petitioner, according to a commission, was the “official Court Reporter for the Seventh Judicial Circuit of the State of Florida”. In 1953 the Legislature enacted Chapter 28275 entitled:
“An Act to amend Sections 29.03 and 29.04, Florida Statutes, 1951, relating to compensation for services and salaries, expenses and duties of official circuit court reporters, and excepting certain counties from this Act, and including the constitutional court of record in and for Escambia County.”
Section 3 of the Act reads as follows:
“Section 3. The provisions of this act shall not apply to the Court Reporter in Volusia County, Florida, but shall apply to the Constitutional Court of Record of Escambia County.”
It is the contention of the petitioner that Section 3, above quoted, violates the Constitution of the State of Florida.
The Comptroller, respondent, refused to issue his warrant to pay the salary of $3,000 per annum, payable in twelve monthly installments, as fixed and prescribed by Section 2 of the Act, because of an alleged ambiguity of Section 3, which requires a judicial construction in order to determine whether or not said section is violative of the Constitution. It should be noted that Section 3 attempts to exclude the “Court Reporter in Volusia County, Florida” and the contention is that the petitioner was thereby excluded and not entitled to the salary fixed by Section 2. The petitioner has no commission as Court Reporter of Volusia County, Florida, but dees have a commission as “official Court Reporter for the Seventh Judicial Circuit”. Volusia County is in the Seventh Judicial Circuit.
*275 The title to the act in question is restricted in that it relates to the Official Circuit Court Reporters and the Official Court Reporter of the Court of Record in and for Escambia County, and amends an act which likewise related to Official Court Reporters. Neither the original act nor the act, as amended, was so general in its term that it related to all Court Reporters but was confined'and restricted to Circuit Court Reporters and the Official Court Reporter of the Court of Record in and for Escambia County, Florida, whose powers and duties are prescribed by law and who are appointed by the Governor.
It is true the Legislature may make the title to an act as comprehensive or as general as it pleases so long as other constitutional provisions are not violated but when the title of the act is restricted to a particular class of officers, it does not include all officers. Lee v. Cloverleaf, 130 Fla. 435, 177 So. 722; South Florida Trust Co. v. Miami Coliseum Corp., 101 Fla. 1351, 133 So. 334.
The title to the act in question is restricted to official circuit court reporters and does not include the “Court Reporter in Volusia County, Florida”, if there is one. It is, therefore, clear that the quoted words of Section 3 of the act do not deprive petitioner of the salary fixed by the law for the official court reporter in and for the Seventh Judicial Circuit of the State of Florida. It matters not whether the petitioner resides in Volusia County or any other county of the circuit, she is not the Court Reporter in Volusia County, Florida, but is the official Circuit Court Reporter of the Seventh Judicial Circuit. If there is a Court Reporter in and for Volusia County, Florida, this act does not include such officer because he, or she, is not included in the title to the act.
It follows that the motion for peremptory writ of mandamus notwithstanding the return should be and the same is hereby granted, and C. M. Gay, as Comptroller of the State of Florida, be and he is hereby ordered and required to issue his warrant on the Treasurer of the State of Florida in favor of the relator in the sum of $1,250, the same being for the salary of petitioner, as official Court Reporter for the Seventh Judicial Circuit of Florida from July 1, 1953 to November 30, 1953.
ROBERTS, C. J., and TERRELL and SEBRING, JJ., concur.