381 So.2d 353 (1980)
Claude B. NORRIS et al., Appellants,
v.
EDWIN W. PECK, INC., Etc., et al., Appellees.
No. MM-14/T1-15.
District Court of Appeal of Florida, Fifth District.
March 26, 1980.
*354 Edward S. Jaffry of Horne, Rhodes, Jaffry, Horne & Carrouth, Tallahassee, for appellants.
Dean Bunch of Ervin, Varn, Jacobs, Odom & Kitchen, Tallahassee, for appellees.
COBB, Judge.
Appellee/developer constructed a condominium with a restaurant/lounge on the 29th floor. The original declaration of condominium provided that the parking areas were common elements and that an unstated number of parking spaces would be reserved for the use of the 29th floor invitees. Subsequently, the developer entered into subscription agreements with prospective owners which provided that the developer could make changes in the declaration of condominium prior to the closings if the changes did not materially affect rights of the purchasers or the value of the purchasers' units.
Prior to the closings, the developer did record a first amendment to the declaration of condominium which provided that a storage room and 55 designated parking spaces were limited common elements appurtenant to the 29th floor. It also provided a designated parking space as a limited common element for each condominium unit.
After the closings, a minority of the unit owners filed suit to quiet title to the parking areas and storage room, claiming that the first amendment to the declaration of condominium violated their subscription agreements by being material adverse changes. After reviewing extensive evidence, the trial court found that the first amendment carried out the general plan contemplated by all parties, was valid, and denied the relief sought. We affirm.
The trial court also found that the 55 parking spaces that were limited common elements appurtenant to the 29th floor are available for use, and are used, by the unit owners, when not in use by the 29th floor customers, and ordered the continuation of this agreed upon practice. This portion of the final judgment has not been appealed by any party. At oral argument on appeal, counsel for the developer conceded that the developer does not object to such use of the 55 parking spaces. Although such use may contravene the statutory definition of limited common elements, this court should not address portions of *355 orders which have not been raised on appeal and about which the parties are not complaining.
AFFIRMED.
UPCHURCH, J., concurs.
SHARP, J., concurs in part, dissents in part with opinion.
SHARP, Judge, dissenting and concurring specially.
The trial court's final judgment should be affirmed. However, certain portions of the judgment should be stricken as surplusage because they exceed the scope of the pleadings and impose on this condominium a sharing of uses, expenses, and maintenance for limited common elements not provided for by the Declaration of Condominium, any amendment thereto, or the Florida Condominium Law (Ch. 718, Fla. Stat. 1979). Lee v. Cloverleaf, 130 Fla. 435, 177 So. 722 (Fla. 1937).
The appellants, owners of condominium units and the condominium association filed a suit to quiet title to certain items claimed as "common elements" of the condominium: parking spaces 1-55; a storage room on the second floor; and the roof area, which was leased to a tenant for an antenna. The appellee, the developer, claimed the Declaration was amended to make the disputed areas "limited common elements" appurtenant to the restaurant unit or that they were "common elements" reserved for the developer's use in the original Declaration. The trial court found the first amendment to the Declaration was valid and binding. It made parking spaces 1-55 and the storage room "limited common elements" appurtenant to the restaurant unit. The trial court also found the developer reserved the use of the roof in the original Declaration, although it was a common element. There is ample support for his finding in the record.
However, the lower court stated in paragraphs 3 and 4 of the final judgment that the parking spaces 1-55 when not in use by the restaurant must be available for use by the condominium owners; that the condominium association shall pay for the electricity to light the spaces; and that the owner of the restaurant unit shall pay all the maintenance on the 1-55 parking lots. These paragraphs are surplusage and should be stricken.
The Florida Condominium Law is a comprehensive complex statute, intended to create and delineate a new form of property ownership. Section 718.103(14), Florida Statutes (1979) defines "limited common elements" as "those common elements which are reserved for the use of a certain condominium unit or units, to the exclusion of other units as specified in the declaration of condominium." If, parking spaces 1-55 are limited common elements appurtenant to the restaurant, it is a contradiction to require or allow their use by any other unit owner. It is as anomalous as concluding that Mr. and Mrs. Jones own their home as a tenancy by the entireties, but great uncle Harry has survivorship rights.
The Condominium Act also specifies how maintenance for common elements shall be borne. Maintenance for limited common elements may be assessed to the unit owner entitled to use them, if the Declaration so provides. Sec. 778.113(1), Fla. Stat. (1979). If there is no such provision, and there was none in this case, then expenses and maintenance for limited common elements as well as the common elements, must be shared as provided in the Declaration. Sec. 718.115, Fla. Stat. (1979). The unit owners in this condominium are each made proportionately liable for the expenses and maintenance of the common elements by a formula set out in the Declaration, the business units bearing a larger pro-rata share. The method of sharing common expenses can be altered only by an amendment to the Declaration. Pepe v. Whispering Sands Condominium Assoc., Inc., 351 So.2d 755 (Fla. 2d DCA 1977). Absent such an amendment, the trial court lacks any basis upon which to alter the obligations of unit owners to share common expenses. Thiess v. Island House Association, Inc., 311 So.2d 142 (Fla. 2d DCA 1975). There is no such amendment in this case.
*356 Less than one third of the condominium owners remained in this suit as plaintiffs at time of the trial, many having opted out of the class. It would be anomalous to allow a small group of owners or the developer to amend the Declaration by quiet title suit under circumstances not permitted by the Declaration or the condominium statute. I agree with the views expressed by the Fourth District Court of Appeal in Welch v. Point of American Condominium Aparts, 373 So.2d 60 (Fla. 4th DCA 1979):
... on principal, it seems to us a dangerous precedent to allow the maintenance of a suit to quiet title and ejectment under these circumstances ... To hold that every unit owner can sue to quiet title to various portions of the condominium property based upon unrecorded representations and have those areas declared common elements could lead to havoc as far as the stability and integrity of condominium titles are concerned.
Id. at 64.
The status of limited common elements, or common elements and the method of allocating common expenses must be based solely on validly recorded declarations or amendments thereto; and absent such a basis, no judicial elaborations or variations are sustainable.