**KANSAS CITY, Missouri, Appellant,**

v.

**JOHN DEERE COMPANY, Respondent.**

No. 59902.

Supreme Court of Missouri,
En Banc.

Feb. 13, 1979.

Rehearing Denied March 13, 1979.

Aaron A. Wilson, City Atty., George L. DeBitteto, Asst. City Atty., Kansas City, for appellant.

Howard C. Wright, Jr., City Atty., Larry A. Woodward, Asst. City Atty., Springfield, for amici curiae.

Thomas J. Wheatley, William H. Bates, Stuart W. Conrad, Kansas City, for respondent.

SEILER, Judge.

In this direct appeal by the city of Kansas City, we are presented with the question whether the city can constitutionally make a distinction between the way it arrives at the occupational license tax for a new business starting during the year and the way it arrives at it for an existing business.

The city filed suit against respondent John Deere Company, classified as a merchant, to collect alleged occupational license tax deficiencies for the years 1966 to 1970, inclusive. The city's occupational license tax ordinance in force during those years fixed the annual license tax for already

established merchants at the rate of $1.00 per $1,000 of annual gross receipts in the preceding year. As to new merchants (those commencing business during the year), it provided for a preliminary license issued as of the date of beginning business and valid for the remainder of the calendar year, at the same $1.00 rate, but calculated, through adjustments at the end of the preliminary license period, on the basis of the actual gross receipts during the balance of the year. Then, for the first full year's license of the new merchant, the city used a formula of multiplying by twelve the average monthly gross receipts for the time during which the new merchant operated in the prior year. Thereafter, the annual license for the "new" merchant is computed on the annual gross receipts for the preceding calendar year.

John Deere filed a motion for summary judgment, contending that under the ordinance the tax was not uniform on all merchants in Kansas City, thus violating Mo. Const. art. X, § 3, which provides, in part, that "[t]axes may be levied and collected for public purposes only, and shall be uniform upon the same class of subjects within the territorial limits of the authority levying the tax". The trial court agreed and entered judgment for defendant, relying on *City of Cape Girardeau v. Fred A. Groves Motor Co.*, 346 Mo. 762, 142 S.W.2d 1040 (1940).

The city maintains the ordinance does not violate the uniformity requirements of the constitution; rather, it makes a subclassification of merchants into those which are newly starting into business and those already in business and the tax imposed on each subclass is uniform within itself. The former are issued preliminary licenses, with the final tax being calculated at the end of the year on the gross receipts for the portion of the year for which they were in business, with the next year's license being based on annualization of the monthly average gross receipts for the partial year. The latter are issued annual licenses based on the gross receipts for the preceding year.

The general rule regarding the classification of subjects for taxation is stated in 84 C.J.S. Taxation § 36:

"[W]ithin constitutional limitations, the state has power to classify persons or property for purposes of taxation, and the exercise of such power is not forbidden by the constitutional requirement that taxation be uniform and equal. So the legislature may arrange and divide the various subjects of taxation into distinct classes and impose different rates on the several classes, or tax one class to the exclusion of the others, without violating the requirement of equality and uniformity, and it may exercise wide discretion in selecting and classifying the subjects of taxation, providing the tax is uniform on all members of the same class, and providing the classification of the subjects of taxation is reasonable and provided the classification of the subjects of the taxation, as has been held, is not arbitrary . . . [T]he legislature, in making a classification for tax purpose, is not required to make meticulous adjustments in an effort to avoid incidental hardships . . . [A]ny substantial and reasonable basis of classification is allowable and a classification will be held valid if not palpably arbitrary . . ."

In *Springfield City Water Co. v. City of Springfield*, 353 Mo. 445, 182 S.W.2d 613, 617 (1944), we said: "We think it clear under Sec. 3, Art. X of the State Constitution that a City has the power to sub-classify by ordinance the subjects of taxation enumerated in a general taxing statute if there is a reasonable basis for doing it and nothing in the statute forbids."

And in *Ex parte Asotsky*, 319 Mo. 310, 5 S.W.2d 22, 27 (banc 1928): "The question of the propriety of a classification, measured by section 3, art. 10, is largely one for the Legislature. The courts may not declare a particular classification unreasonable and violative of said section . . . unless the classification made cannot be justified on any reasonable grounds . . ."

And in *Barhorst v. City of St. Louis*, 423 S.W.2d 843, 846 (Mo. banc 1968): "It is not

necessary that the court perceive the precise legislative reason for the classification, and the legislature is not required to preamble or label its classification for tax purposes, or disclose the principles on which they are made. It is sufficient if the court, on review, may find them supported by 'justifiable reasoning.' "

We think that the ordinance is supported by justifiable reasoning.

The end the ordinance seeks is the raising of revenue based on gross receipts. The gross receipts system of licensing and taxing merchants is a workable method of raising municipal revenue, in wide use among Missouri towns and cities, as we see from the briefs of amici curiae herein. When it is used there necessarily must be a way devised to apply it to the new businesses, which have start-up expenses and do not have a prior history of gross receipts, as well as to the existing business or merchant. There are several ways to do this and the method used by Kansas City is one.

What Kansas City has done is to make a subclassification of its merchants: one subclass consists of the established merchants, the other subclass consists of the merchants newly starting into business. Calculating an occupational license tax at a rate of $1.00 per $1,000.00 of gross receipts, but using the gross receipts for the preceding calendar year for established businesses and gross receipts for the balance of the current year for newly starting businesses may well have been considered by the city council a logical way to treat the two fairly and equitably; it allows the established business to know exactly at the beginning of the year what its current license will cost, it puts the new merchant in that position at an early date, and it is a reasonable and sensible method of assuring that there will be no unlicensed merchant in the city and that no merchant, new or old, will be able to avoid some fee based upon gross receipts.

There has to be a starting point for every business. No new business has a record of gross receipts for the preceding calendar year, but this ought not to prevent the city from basing the amount of the license tax on gross receipts for new as well as for old businesses. The treatment of the new merchant is the same as that given the established merchant when he first began operations. One new merchant is treated the same as another new merchant. One established merchant is treated the same as another established merchant. The ordinance thus applies equally to merchants in like conditions and there is an equality of burden among the members of each subclass.

We thus conclude that the subclassification which Kansas City used is a legitimate exercise of the legislative prerogative in determining how best to raise and collect revenue. The classification is reasonably and rationally designed fairly to capture a percentage of gross receipts as license fees and distinguishes between the subclasses of new versus old businesses only to the extent required by the differences between these classes.

We are unable to agree with the trial court's conclusion that *City of Cape Girardeau v. Fred A. Groves Motor Co.*, 346 Mo. 762, 142 S.W.2d 1040 (1940) is controlling. In the *Cape Girardeau* case, the city adopted an ordinance which listed some forty-odd occupations and businesses upon which would be levied a license tax for the privilege of engaging therein within the city limits. One such business was "Automobile Dealers." No distinction or classification in the definition of "Automobile Dealer" was made between automobile dealers already in business and those who commenced business during the year. The license fee was set on a graduated scale—where the gross receipts of the applicant for the preceding calendar year from the business exceeded $5,000, the tax was $11.25 for the first $5,000 and $2.25 per $1,000 thereafter.

To obtain a license the applicant was required to file a verified statement showing the amount of his gross receipts during the preceding year. But as to any applicant who had not been engaged in business during the preceding calendar year, the city clerk was to estimate the annual gross business for the applicant during the first fiscal year and set the license fee accordingly.

Then, at the end of the year for which the license was issued, the licensee was required to furnish the sworn statement called for by the ordinance and a readjustment of the license tax for the year would be made on the basis of the actual gross receipts.

The court pointed out that the first section of the ordinance specifically defined the classes of subjects affected. Among these were "Automobile Dealers." The court further pointed out that in the section which listed the forty-odd occupations or businesses to be licensed and taxed, there was no subclassification into those who had been and those who had not been " 'engaged in such business during the preceding calendar year' in said city; but so far as any classification provisions of the ordinance are concerned, placed all in the same class for license tax purposes irrespective of the time they first engaged in such business within said city." *Id.* at 1043.

The court stated that "[c]onsistent therewith Sec. 2–A of Art. 2 imposed a graduated rate or measure of the license tax upon all subject to the tax. Section 6, however, prescribed a different rate or measure of the license tax for those specifically named in Sec. 1 of Art. 2 who had not been engaged in such business within the city 'during the preceding calendar year.' " *Id.*

The court declined to make its own subclassification of the forty-odd subjects named in the section listing the businesses and occupations to be taxed, saying to do so "smacks of judicial legislation and classification."[1] *Id.* Since the city council had placed all automobile dealers in one class for the purpose of the license tax, the section which prescribed a rate or measure of the tax for some automobile dealers differing from that prescribed for other automobile dealers violated the uniformity clause of the constitution. This, of course, was sufficient to decide the case and made further discussion unnecessary.

However, the court in *Cape Girardeau* went on to add, in dicta, that even if there were a subclassification of the class into

those who had been and those who had not been "engaged in such business during the preceding calendar year", the subclassification could not be sustained, that the difference between the ordinance provisions and the hypothesized subclassification was one of degree and not principle under the uniformity requirement, that there is no natural and substantial difference inhering in the subject matter between dealers who have been engaged in business for a number of years and those who have been engaged in such business for less than a year which would justify any distinction for purposes of taxation for revenue. It compared such classification to a classification of men by color of their hair or other individual peculiarities.

In support of the foregoing the court cited four cases: *Ex parte French*, 315 Mo. 75, 285 S.W. 513, 514 (banc 1926); *Lige v. Chicago, B. & Q. R. Co.*, 275 Mo. 249, 204 S.W. 508, 510 (1918); *State v. Julow*, 129 Mo. 163, 31 S.W. 781, 783 (1895); *State v. Miksicek*, 225 Mo. 561, 125 S.W. 507, 510 (1910).

While these cases contain statements of well settled principles that classification for legislative purposes must be reasonable, not arbitrary, and must bear a just relation to the act or class in respect to which the classification is proposed, they do not, in our opinion, support the proposition that a subclassification of the type made in the case at bar is void for lack of uniformity. *Ex parte French* involved a statute which made it a misdemeanor for the bank commissioner or any of his deputies to disclose information obtained in the examination of a bank to any person, except that they could, without penalty, reveal such information to federal examiners or state clearing house examiners. This classification was held to be irrational and unconstitutional. In the *Lige* case, the statute made it a misdemeanor for any person to enter a passenger train in an intoxicated condition and also made it the duty of the conductor under penalty of a misdemeanor to report to the prosecuting

---

[1] We have no such problem in the case at bar. The city council of Kansas City has made its own subclassification of merchants: new merchants and already established merchants.

attorney the name of any such person and also the witnesses. The statute provided, however, that it did not apply to dining cars or private cars. This was held to be unconstitutional as an unreasonable classification. In the *Miksicek* case, the defendant was charged with violation of a statute prescribing the ventilating conditions for bakeries. This was ruled unconstitutional because it applied only to biscuit, bread or cake bakeries, but did not apply to bakeries making pies, pastry, crackers or confectionaries and thus was said to be an arbitrary classification. In the *Julow* case, defendant was convicted of violating a statute making it unlawful for an employer to prohibit an employee from joining, or to require an employee to withdraw from, a labor union. This was held to be an arbitrary classification, as it did not relate to all working men as a class, so that a non-union man could be discharged for any reason, but a union man could not be if his discharge rested on his being a member of the union.

We do not believe that the cases relied upon by the court in the *Cape Girardeau* case to support its dicta about the invalidity of a subclassification into those who had or had not done business during the preceding calendar year are analogous to the situation in the case at bar, because as we have discussed, *supra*, the city had a valid and logical reason for distinguishing between old and new businesses. Additionally, the *Cape Girardeau* ordinance used a calendar year basis for old dealers and a fiscal year basis for new dealers and then called for a readjustment on the basis of actual gross receipts "[a]t the end of the year for which [the] license was issued", so that old dealers were using the preceding calendar year and the new dealers a fiscal year, a confusing and illogical basis for comparison which is not found in the Kansas City ordinance.

We hold that the Kansas City ordinance is valid. To the extent that *City of Cape Girardeau v. Fred A. Groves Motor Co.* is inconsistent herewith, it is no longer to be followed.

Judgment is reversed and the cause remanded for further proceedings consistent herewith.

MORGAN, C. J., and BARDGETT, RENDLEN, SIMEONE, JJ., and FINCH, Senior Judge, concur.

DONNELLY, J., dissents in separate dissenting opinion filed.

WELLIVER, J., not participating because not a member of the Court when cause was submitted.

DONNELLY, Judge, dissenting.

On December 28, 1970, the City of Kansas City filed suit against John Deere Company for collection of Occupational License Tax deficiencies for the years 1966 to 1970, inclusive, pursuant to Chapter 21 of the Code of General Ordinances of Kansas City. John Deere Company is classified, for the purposes of this appeal, as a merchant doing business in Kansas City. On February 25, 1976, John Deere filed a motion for summary judgment on the ground that Kansas City's taxing ordinance, as applied to defendant's class, imposed non-uniform rates of tax on the class, thus violating Mo.Const. Art. X, § 3. On April 2, 1976, plaintiff moved for summary judgment on this issue. The trial court granted summary judgment for defendant, and plaintiff appealed.

The alleged unconstitutionality of appellant's taxing scheme arises out of § 21.8 of the Code of General Ordinances, which provided, during the period in question:

"Sec. 21.8. *Classification, duration, proration.*

All licenses, except as otherwise specifically provided for by ordinance, shall be due on and issued as of January first of the current year and shall expire on December thirty-first of such year. They shall be known as annual licenses and no license shall be issued for more than one calendar year, provided that in the case of a business or occupation newly established at a particular location within the city after the first of a calendar year, a license, to be known as a preliminary license, may be issued as of the date of the beginning of such business or occupation and for the remainder of the current year, upon payment of the fee, or the original portion thereof as herein provided, and upon compliance with other re-

quirements of this chapter, provided that the annual fee, including minimum fees, shall be prorated and paid for the number of months remaining in such calendar year, including the month during which such business or occupation started operations; and provided further, that no such preliminary license may be prorated for less than two dollars ($2.00); and provided further, that in cases in which the preliminary license fee is based on gross annual receipts, or gross annual business, such preliminary license may be issued, as the licensee may elect, for the minimum preliminary license period, or the preliminary license fee may be estimated on the basis of anticipated business and adjusted at the end of the preliminary license period on the basis of the actual gross receipts, or gross business done during such period."

Defendant-respondent asserts that the use of one tax base to calculate the tax due from a new merchant and a different base to calculate the tax due from an existing merchant violates Mo.Const. Art. X, § 3, which provides:

"Taxes may be levied and collected for public purposes only, and shall be uniform upon the same class of subjects within the territorial limits of the authority levying the tax. All taxes shall be levied and collected by general laws and shall be payable during the fiscal or calendar year in which the property is assessed. Except as otherwise provided in this constitution, the methods of determining the value of property for taxation shall be fixed by law."

The trial court held § 21.8 violative of Art. X, § 3 because the tax was not uniform on all merchants within Kansas City's territorial taxing jurisdiction, relying on *City of Cape Girardeau v. Fred A. Groves Motor Co.*, 346 Mo. 762, 142 S.W.2d 1040 (1940), which held an almost identical taxing scheme unconstitutional.

Appellant maintains that § 21.8 does not violate Art. X, § 3 because § 21.8 subclassified merchants into those which are new and those which have been in existence for more than one year. This subclassification is achieved, according to appellant, via the issuance of "preliminary" licenses to those merchants who have done business for less than one year and the issuance of "annual" licenses to those merchants with on-going businesses. Kansas City thus maintains that since the tax imposed on *each* of these separate classes is uniform, there is no constitutional violation.

The general rule regarding the classification of subjects for taxation is stated in 84 C.J.S. Taxation § 36:

"[W]ithin constitutional limitations, the state has power to classify persons or property for purposes of taxation, and the exercise of such power is not forbidden by the constitutional requirement that taxation be uniform and equal. So the legislature may arrange and divide the various subjects of taxation into distinct classes and impose different rates on the several classes, or tax one class to the exclusion of the others, without violating the requirement of equality and uniformity, and it may exercise wide discretion in selecting and classifying the subjects of taxation, provided the tax is uniform on all members of the same class, and provided the classification of the subjects of taxation is reasonable and provided the classification of the subjects of the taxation, as has been held, is not arbitrary."

While there is no precise method of determining the reasonableness of a classification, the classification cannot be "palpably arbitrary." *Barhorst v. City of St. Louis*, 423 S.W.2d 843 (Mo. banc 1968). There can be no discrimination between taxable subjects which properly belong to the same class. *State v. Metropolitan St. Louis Sewer District*, 365 Mo. 1, 275 S.W.2d 225 (banc 1955).

Thus, the issue on this appeal is whether it is reasonable for § 21.8 to classify merchants into those doing business for less than one year and those conducting businesses for a longer period of time.

In *Pratt & Whitney Aircraft Corp. v. Unemployment Compensation Commission*, 354 Mo. 1017, 193 S.W.2d 1 (banc 1946), this Court upheld the constitutionality of an un-

employment compensation statute which provided for varying contributions by employers depending on the length of time each had been engaged in business. In *Pratt*, the statute in question provided for three classes of employers: (1) those employers who had payrolls in 1939, 1940 and 1941; (2) those employers who did not commence business prior to the 1939–1941 period, but who did commence business before 1941; and (3) those employers who had not been in business two full calendar years prior to 1943. Each of these groups was required to pay a different rate of unemployment compensation contribution. This Court upheld the classifications against an attack which alleged that the statute improperly used the time of commencing business as the sole basis for classification, because the classes were designed to carry out the entire purpose and scheme of the section, which was the assessment of contributions based on employment experience. The classifications were held to be fair and reasonable because:

> "[T]he date fixed was not arbitrarily chosen without any just relation to the intended objects of this amendment; . . . the classifications were not based solely upon the time element; . . . the basis was the dividing line between normal prewar peacetime economy and abnormal war economy."

Unlike the situation in *Pratt*, the basis here for Kansas City's attempted classification of businesses into those which have been doing business for more than one year and those which have been doing business for less than one year is the time element and the administrative convenience which such classification based on time involves. A distinction based solely on length of time doing business is unreasonable where no other distinguishing feature separates a natural class. Cf. *Elder v. Smith*, 188 Ga. 65, 2 S.E.2d 670 (1939). As stated in *City of Cape Girardeau v. Fred A. Groves Motor Co.*, supra, 346 Mo. at 771–72, 142 S.W.2d at 1045:

> "[A]ll automobile dealers within the ordinance definition of automobile dealers are engaged in precisely the same business. There is no natural and substantial

difference, inhering in the subject matter with respect to localities, persons, occupations or property, between the automobile dealers who have been engaged in business for a number of years and those who have been engaged in such business for less than a year within a given city justifying any distinction for the purposes of taxation for revenue. . . . Broadly put, constitutional class legislation must include all who belong and exclude all who do not belong to the class. Legislative departments of governmental authorities may not split a natural class and arbitrarily designate the dissevered factions of the original unit as distinct classes and enact different rules for the government of each."

Since Kansas City's attempted classification of merchants based on length of time in business is unreasonable as splitting a natural class, the classification fails. Section 21.8 is unconstitutional because the tax it imposes is not uniform on all subjects within the same class.

I respectfully dissent.