**ERNIE PATTI OLDSMOBILE, INC., a Corporation, et al., Plaintiffs/Appellants,**

v.

**Billie A. BOYKINS, et al., Defendants/Respondents.**

No. 58119.

Missouri Court of Appeals, Eastern District, Division Three.

Dec. 18, 1990.

Motion for Rehearing and/or Transfer to Supreme Court Denied Jan. 23, 1991.

Application to Transfer Denied March 5, 1991.

Donald S. Hilleary, Clayton, for plaintiffs/appellants.

Patricia Anne Hart, St. Louis, for defendants/respondents.

REINHARD, Presiding Judge.

Plaintiffs appeal the judgment of the trial court in favor of defendant license collector. The action brought by plaintiffs sought the return of tax monies paid in protest pursuant to § 139.031, RSMo 1986. We affirm.

Plaintiffs are five automobile dealerships who assert that the St. Louis City Merchants' License Fee is invalid. The present suit attempted to achieve the return of funds paid to the License Collector in 1986. In their petition plaintiffs alleged the tax is authorized by the Revised Code of the City of St. Louis,[1] chapters 8.56.010–8.56.200 and requires every merchant to have a license and pay the license fee imposed thereon at the rate of $2.00 on each $1,000 or fraction thereof of sales made but not less than $20. The petition contended that the tax is a sales tax in that it should have been submitted to the voters of the City of St. Louis as required by the "City Sales Tax Act," 94.500–94.570, RSMo 1986. Thus, they argue, it is invalid. Further, the petition claimed that the tax is invalid because it violated Article 10, Section 3, of the Missouri Constitution and the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution. Parties stipulated as to the facts.

The trial court determined that "the wording of the city code section describing the method of computation as $2.00 on each $1,000 or fractional part thereof of sales by the merchant clearly indicates that the tax is a sales tax and not a gross receipts tax." However, the court held that the license fee was valid and enforceable because it was enacted prior to the effective date of the "City Sales Tax" law which required voter approval of sales tax issues.[2] The court also found against plaintiffs on their constitutional claims.

On appeal plaintiffs argue that by its terms the Merchants' License Fee is determined by reference to the sales of each merchant. This, according to plaintiff, makes this fee a sales tax which is prohibited by § 94.510, RSMo 1986 which states: "no [city sales tax] ... shall be effective unless the legislative body submits to the voters of the city, at a public election, a proposal to authorize the legislative body of the city to impose a tax under the provisions of sections 94.500 to 94.570." In addition, plaintiff refers us to § 94.510.9 of the "City Sales Tax Act" which states: "All laws and parts of laws inconsistent or in conflict with the provisions of this Act are hereby repealed to the extent of such inconsistency or conflict only." We note that this repealing section was itself repealed by the legislature in 1977.

■ Although the city argues that the tax is not a sales tax, we agree with the trial court that it is and thus we must confront plaintiffs' complaints. Initially we state that the act involved here has subsequently been repealed and the issue here is only as to recovery of money paid under that tax.

■ Plaintiffs' argument, relative to its assertion that the tax is unenforceable because there was not a vote, has two parts: first, that by its terms the "City Sales Tax Act" prohibits the imposition of a license fee based upon sales so long as the funds

---

1. Hereafter City Code.

2. Section 94.510 was effective October 13, 1969. The License Tax provisions of the City Code were passed on August 16, 1969.

were collected after the time of the passage of the act; and second, that the addition of a specific section repealing inconsistent laws, or parts thereof, rendered the ordinance invalid. The implication of this argument is that any tax or fee in existence at the time the "City Sales Tax Act" was passed became automatically void. Our research on this issue has revealed no case in which such an extreme result of the passage of § 94.510 has been approved. Indeed, repeal by implication is not favored unless the two laws cannot be reconciled. Then, "the later act will be held to have repealed by implication the earlier of the two acts, thereby giving effect to the most recently expressed legislative intent of the General Assembly." *State ex rel. McNary v. Stussie*, 518 S.W.2d 630, 635 (Mo. banc 1974).

In the present case, while there is an apparent conflict, there is also substantial evidence to suggest that the legislature intended the "City Sales Tax Act" to be applied prospectively. An analogous enactment, the "Hancock Amendment", which by referendum amended the state constitution to require voter approval of any increase in spending or taxing, specifically limited its scope to actions taken after its ratification. *See Roberts v. McNary*, 636 S.W.2d 332 (Mo. banc 1982). The purpose of passage of both these measures was to prevent governmental bodies from increasing taxes and fees without voter approval. Since both the "City Sales Tax Act", enacted in 1969, and the "Hancock Amendment", enacted in 1980, sought to solve similar problems it is reasonable that similar procedures were contemplated for both.[3]

This interpretation of § 94.510, RSMo 1986 also conforms to several recognized assumptions that guide courts in statutory construction. Article I, § 13 of the Missouri Constitution specifically prohibits the enactment of any law retrospective in its operation. The only exceptions are if 1) the legislature clearly intended that it do

so, and 2) where the statute is procedural and does not affect any substantive right. *State ex rel. Webster v. Cornelius*, 729 S.W.2d 60, 65 (Mo.App.1987). A substantive right has been defined as "those which take away or impair vested rights acquired under existing laws, or create a new obligation, impose a new duty, or attach a new disability." *Id.* at 66. Clearly, retrospective repeal of the ordinance in question would impair the City's "vested right" to collect the license fee.

In addition, at the time § 94.510 was enacted the enabling statute for the city ordinance, § 92.045, RSMo 1986, was specific in its approval of *sales* as a measure of the amount of fee that could be charged to merchants. We must presume the legislature was aware of the existence of § 92.045 at the time it enacted § 94.510.[4] *Nicolai v. City of St. Louis*, 762 S.W.2d 423, 426 (Mo. banc 1988). In summary, we are convinced that both precedent and legislative intent support the conclusion reached by the trial court that the ordinance in question is valid and that it was not intended that the clause repealing inconsistencies repeal sales taxes approved prior to the effective date of the "City Sales Tax Act."

■ Plaintiffs also complain that the Merchants' License Fee discriminates against established merchants in violation of both the state and federal constitutions. Plaintiffs claim that since new merchants pay only $20 for the first year while they, as established merchants, pay at the rate of $2.00 per $1000 of sales, they have been denied equal protection of the law. We disagree. The flat rate is applicable to both new businesses, whose sales obviously cannot be determined, and to any business that has less than $10,000 of sales. Plaintiff has cited two cases to us that they allege support their constitutional challenge. Neither *City of Cape Girardeau v. Fred A. Groves Motor Co.*, 346 Mo. 762, 142 S.W.2d 1040 (1940) nor *Kansas City v.*

---

3. The subsequent repeal of the repealing section (9) of § 94.510 in 1977 lends support to the premise that its intent was perhaps not as broad as its language and that legislators were themselves unsure of its meaning or uncomfortable with its implications.

4. Section 92.045 was enacted in 1967.

*John Deere Co.,* 577 S.W.2d 633 (Mo. banc 1979) are helpful to plaintiffs since neither have similar facts and neither prohibit the method of classification chosen by St. Louis. In *Groves,* new and established dealers were treated differently because different rates were set and the city used a calendar year for established merchants and a fiscal year for new ones. In *John Deere,* the license tax was upheld because even though the method of measurement for new and established dealers was different, the rate was the same for both. Uniformity is achieved where, as here, taxes are "imposed alike on all persons who are in substantially the same situation." *Miller v. City of Springfield,* 750 S.W.2d 118, 122 (Mo.App.1988).

Judgment affirmed.

STEPHAN and CRANE, JJ., concur.