PARKWAY MOTORS, INC., d/b/a
**Parkway Honda Mazda, et al.,**
**Appellants,**

v.

Mary THOMPSON, Collector; City of
Cape Girardeau; and Alvin Stoverink,
Finance Director, Respondents.

No. 73937.

Supreme Court of Missouri,
En Banc.

Feb. 25, 1992.

---

Donald S. Hilleary, Clayton, for appellants.

Warren L. Wells, Cape Girardeau, for respondents.

BLACKMAR, Judge.

Five automobile dealers sued to recover license taxes paid to the City of Cape Girardeau. On December 27, 1986, they paid the taxes then due under protest pursuant to § 139.031, RSMo 1986. They contend that the city's "Gross Sales License Tax," adopted in 1960, is an invalid sales tax because it was not approved by the voters of the city in accordance with the provisions of § 94.510, RSMo 1986, initially enacted in 1969. The trial court found in favor of the city and the plaintiffs appeal, properly invoking this Court's jurisdiction to construe the revenue laws of the state. Mo. Const. art. V, § 3. We affirm, with a minor modification.

For many years, state statutes have authorized Missouri municipalities to impose license taxes on specified occupations. The governing statute applicable to cities of the third class, the classification which then included Cape Girardeau, was enacted in its present form in 1953, and reads in pertinent part as follows:

> The council shall have power and authority to levy and collect a license tax on ... automobile agents and dealers, ... and all other vocations and business whatsoever and all others pursuing like occupations. § 94.110, RSMo 1986.

In 1960, the city exercised its authority under § 94.110 by adopting the tax ordinance in question. No election was required or held. The portions of the ordi-

nance relevant to this appeal read as follows:

> There is hereby levied a license tax upon the privilege of engaging within the city in any of the following named occupations or businesses, or doing or operating any of the following named things, to wit: ... automobile dealer.... No person shall engage in any of the occupations or conduct any of the businesses or do or operate any of the things mentioned in this section without first obtaining a license therefor.

Cape Girardeau, Mo., Code art. III, § 16–51.

Section 16–50 of the ordinance provides as follows:

> For the purposes of this article, the term "gross sales" shall mean the gross receipts of the business, occupation or calling for which the license was issued, either through the sale of merchandise or through the sale of services or derived through transactions of the licensee, whether such sale, services or transactions are for cash or on credit.

Cape Girardeau, Mo., Code art. III, § 16–50.

In 1969, the General Assembly authorized cities, by vote of the electorate, to enact municipal sales taxes, to be collected in the same manner that the state sales tax is collected. §§ 94.500–94.570, RSMo 1986. The enacting bill (L.1969, H.B. 243, p. 166) contained section 9, reading as follows:

> All laws and parts of law inconsistent or in conflict with the provisions of this act are hereby repealed to the extent of such inconsistency or conflict only.

Each of the present Sections 94.500 through 94.570 has been amended since 1969. Section 9 has not been included in any of the amendatory bills, and has not been carried over into the periodic statutory compilations. In Ernie Patti Oldsmobile, Inc. v. Boykins, 803 S.W.2d 106, 108 n. 3 (Mo.App.1990), the Court of Appeals, Eastern District, indicated that section 9

had been repealed in 1977. The plaintiffs assert that no express repealer can be found. For present purposes we shall assume that section 9 is still in effect. This does not change our conclusion, for reasons which follow.

The ordinance at issue was adopted pursuant to express statutory authority. To uphold the plaintiffs' contention we would have to conclude that the 1969 legislation was designed to repeal § 94.110, and all other municipal licensing ordinances imposing license taxes measured by gross receipts of retailers. Had the legislature intended a result with such a predictable and substantial impact on municipal finances, it could and should have made its purpose clear. It is often said that repeals by implication are not favored.[1] The ephemeral section 9 is not an explicit repealer. It simply states the general rules applicable to repeals by implication. Thus section 9, even if it is still in force, does not aid the plaintiffs. We conclude that the 1969 legislation did not invalidate license taxes then in place.

The plaintiffs cite Suzy's Bar and Grill, Inc. v. City of Kansas City, 580 S.W.2d 259 (Mo. banc 1979), which held that a purported license tax authorized by an ordinance adopted in 1975 was, for all intents and purposes, a sales tax which could not be enacted without voter approval. Because we conclude that the 1969 legislation did not invalidate taxes then in place pursuant to § 94.110 and similar enabling statutes, Suzy's does not inhibit the conclusion we now reach.

It is also appropriate to observe that the tax at issue differs from a conventional sales tax in at least two respects. There is no requirement that it be collected from the purchaser, and it increases by brackets of $10,000 rather than being levied on each sale as it occurs. These circumstances are appropriate in deciding whether there was a repeal by implication. Our conclusion is

---

1. *Allen v. McCurry,* 449 U.S. 90, 101 S.Ct. 411, 417, 66 L.Ed.2d 308 (1980); *Poling v. Moitra,* 717 S.W.2d 520, 522 (Mo. banc 1986); *State ex rel. McNary v. Stussie,* 518 S.W.2d 630, 635 (Mo. banc 1974); *State ex rel. George B. Peck Co. v. Brown,* 340 Mo. 1189, 105 S.W.2d 909, 911 (Mo. banc 1937).

consistent with *Ernie Patti*, 803 S.W.2d at 107–08.

There is no need to comment on the continued viability of *Suzy's Grill.* The Court was alert to possible evasions to avoid a vote. We should not be troubled by similar problems in the future. If an additional or increased sales or gross receipts tax is enacted, a vote is required either under *§ 94.510* or pursuant to the Hancock Amendment, *Mo. Const. art. X, § 22.*

 The license tax, however, may not be charged on receipts from sales taxes collected by the dealers from their customers. In *Laclede Gas Company v. City of St. Louis,* 363 Mo. 842, 253 S.W.2d 832 (Mo. banc 1953), we held that "gross receipts" of a utility included only those receipts that the utility was entitled to retain and use for the benefits of its business and did not include amounts that were required to be segregated for the possible payment of court-ordered refunds. The state requires sellers to act as involuntary collectors of its sales tax; thus the state is the equitable owner of these receipts. Unless the ordinance contains a definition indicating the contrary, taxes collected on behalf of the state are not appropriately considered part of the taxpayer's gross receipts for the purpose of licensing ordinances.[2] *See Greene County Building and Loan Association v. Milner Hotels,* 227 S.W.2d 111, 125 (Mo.App.1950).

The plaintiffs apparently did not include sales taxes in the gross receipts they reported prior to bringing this challenge to the ordinance. The record does not show, however, whether the plaintiffs included sales tax receipts in computing the license taxes paid under protest. We therefore remand the case so that appropriate determinations may be made.

The judgment is modified to eliminate the finding that "gross receipts" include sales taxes required to be remitted to the state. As thus modified it is affirmed.

The case is remanded for further consistent proceedings.

All concur.

---

**2.** State law permits sellers to keep two percent of sales tax collected, if they timely remit to the state. *§ 144.140, RSMo 1986.* This two percent amount constitutes part of a taxpayer's "gross receipts" for the purpose of licensing ordinances, unless the ordinance contains a definition indicating otherwise.